**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 1:22-cv-06978-MKV |
| DREW LEE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br>Defendants. | Case No.: 1:22-cv-07988-MKV |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF STADIUM CAPITAL LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................... i

I. INTRODUCTION ..................... 1

II. SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND ..................... 2

III. ARGUMENT ..................... 4

A. The Related Actions Should Be Consolidated ..................... 4

B. The PSLRA Standard for Appointing Lead Plaintiff ..................... 5

C. Stadium Capital Is the "Most Adequate Plaintiff" ..................... 6

1. Stadium Capital Has Satisfied the PSLRA's Procedural Requirements ..................... 7

2. Stadium Capital Has the Largest Financial Interest in the Relief Sought by the Class ..................... 7

D. Stadium Capital Is Qualified Under Rule 23 ..................... 8

1. Stadium Capital's Claims Are Typical of the Claims of the Class ..................... 8

2. Stadium Capital Will Fairly and Adequately Represent the Class's Interests ..................... 9

3. This Court Should Approve Stadium Capital's Choice of Counsel ..................... 10

IV. CONCLUSION ..................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baughman v. Pall Corp.*,
250 F.R.D. 121 (E.D.N.Y. 2008) ........ 4

*Faig v. Bioscrip, Inc.*,
No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ........ 4, 5

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16-CV-03495 (AT) (BCM), 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........ 8, 9, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992) ........ 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ........ 5

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ........ 4, 5

*Logan v. QRx Pharma Ltd.*,
No. 15 Civ. 4868(PAE), 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ........ 9

*Morton v. Leidos Holdings Inc.*,
No. 1:21-CV-01911-MKV, 2021 WL 3617381 (S.D.N.Y. July 30, 2021) ........ 7

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ........ 4

*Schnall v. ProShares Trust*,
No. 09 Civ. 6935(JGK), 2010 WL 1962940 (S.D.N.Y. May 17, 2020) ........ 4

**Statutes**

15 U.S.C. § 78j(b) ........ 1

15 U.S.C. § 78t(a) ........ 1

15 U.S.C. § 78u-4(a) ........ *passim*

**Rules**

Fed. R. Civ. P. 6(a)(1)(C) ........ 7

Fed. R. Civ. P. 23 ........ 6, 7, 8, 9

Fed. R. Civ. P. 42(a) ........................................................................................................ 1, 4, 5

Putative class member Stadium Capital LLC ("Stadium Capital"), by its counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned related actions (the "Related Actions"); (ii) appointing Stadium Capital as lead plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); (iii) approving Stadium Capital's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iv) granting such other and further relief as the Court may deem just and proper.

Stadium Capital believes that it has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff and that its choice of counsel should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I. INTRODUCTION

Presently pending in this District are at least two securities class actions (the "Related Actions") brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Co-Diagnostics, Inc. ("Co-Dx" or the "Company"), Dwight H. Egan, and Brian L. Brown for violations of federal securities laws on behalf of a class of all persons and entities who purchased the publicly traded securities of Co-Dx during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive (the "Class Period").

As a preliminary matter, the Related Actions should be consolidated because they involve "a common question of law or fact." Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*.

Once the Related Actions are consolidated, pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class

members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Stadium Capital believes that it is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Stadium Capital respectfully requests that the Court approve Kaplan Fox as Lead Counsel for the Class. *See* § III.D.3., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II. SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND

On August 16, 2022, *Stadium Capital v. Co-Diagnostics, Inc., et al.*, No. 1:22-cv-06978-MKV (the "*Stadium Capital* Action") was filed in the United States District Court for the Southern District of New York and notice was published to class members on *Globe Newswire*, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* Declaration of Jason A. Uris in Support of the Motion of Stadium Capital for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (the "Uris Decl."), Ex. A. The Notice advised purchasers of Co-Dx securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id*. The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the publication of the Notice. *Id.*

Subsequently, *Lee v. Co-Diagnostics, Inc., et al.*, No. 1:22-cv-07988-MKV (the "*Lee* Action") was filed in this District on behalf of a class of purchasers of Co-Dx securities during the Class Period.[1]

Accordingly, Stadium Capital now moves this Court to be appointed as Lead Plaintiff.

[1] The *Stadium Capital* and *Lee* Actions are based on the same facts.

As alleged in the Related Actions, Co-Dx purports to develop, manufacture and sell reagents used for diagnostic tests that function via the detection and/or analysis of nucleic acid molecules (DNA or RNA), including robust and innovative molecular tools for detection of infectious diseases, liquid biopsy for cancer screening, and agricultural applications. *See* Compl. ¶ 2.[2]

According to the Related Actions, on April 6, 2020, Co-Dx announced that it had received an Emergency Use Authorization for its Logix Smart™ COVID-19 detection test from the Food and Drug Administration, allowing it to commence sales of the test to laboratories certified by the Center for Medicare and Medicaid Services under the Clinical Laboratories Improvements Act ("CLIA") to accept human samples for diagnostics testing throughout the United States. *Id.* ¶ 3. Co-Dx has sold its Logix Smart™ COVID-19 test to such CLIA labs since that time. *Id.* Co-Dx services over 500 centralized lab customers, including about 200 U.S. CLIA labs, 130 foreign labs, and approximately 200 labs in India certified by the National Accreditation Board for Testing and Calibration Laboratories. *Id.*

As alleged in the Related Actions, during the Class Period, Defendants repeatedly touted its Logix Smart™ COVID-19 Test, reassuring investors about the demand for the product. *Id.* ¶ 4. At the same time, Defendants (as defined herein) failed to disclose that: (1) demand for its Logix Smart™ COVID- 19 Test had plummeted throughout the quarter ended June 30, 2022, and (2) as a result, Defendants' positive statements about the demand for its Logix Smart™ COVID-19 Test lacked a reasonable basis. *Id.*

The Related Actions allege that on August 11, 2022, Co-Dx shocked investors when, after the market closed, the Company issued a press release and filed a report with the SEC on Form 8-

[2] "Compl., ¶ __" refers to the complaint filed in the *Stadium Capital* Action.

K that disclosed its financial results for the quarter ended June 30, 2022, in which the Company disclosed revenue of $5.0 million for the quarter ended June 30, 2022, down from $27.4 million during the prior year period, a decline of almost 82%. *Id.* ¶ 5. The Company primarily attributed the decrease to lower demand of the Logix Smart™ COVID-19 Test. *Id.*

As alleged in the Related Actions, on this news, the price of Co-Dx's common stock declined $1.98, or 30.65%, from a closing price of $6.46 per share on August 11, 2022, to close at $4.48 per share on August 12, 2022. *Id.* ¶ 6.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, Nos. 13 Civ. 06922(AJN), 13 Civ. 08175(NRB), 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff."). There are at least two related securities class actions pending in this District on behalf of investors who purchased Co-Dx securities during the Class Period at artificially inflated prices. *See* § II, *supra*.

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Schnall v. ProShares Trust*, No. 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1 (S.D.N.Y. May 17, 2020); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *2 (E.D.N.Y. Aug. 17, 2010); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008). The Court has "broad discretion to determine whether

consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "the 'well recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs'") (citation omitted).

The Related Actions concern the same or similar parties, arise out of the same or similar courses of misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a), and the Court should grant the motion for consolidation of the Related Actions.

**B. The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C. Stadium Capital Is the "Most Adequate Plaintiff"**

Stadium Capital respectfully submits that it is the "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. In addition, Stadium Capital has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class. *See* Uris Decl., Ex. B. Finally, Stadium Capital has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. D (Kaplan Fox Firm Resume). Accordingly, Stadium Capital satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and therefore should be appointed Lead Plaintiff.

**1. Stadium Capital Has Satisfied the PSLRA's Procedural Requirements**

The *Stadium Capital* Action was filed on August 16, 2022 and Notice was published over *Globe Newswire*, a national wire service, the same day. *See id.*, Ex. A. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on October 17, 2022. *See* 15 U.S.C. § 78u-4(a)(3)(A); *see also* Fed. R. Civ. P. 6(a)(1)(C) ("if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Stadium Capital timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

**2. Stadium Capital Has the Largest Financial Interest in the Relief Sought by the Class**

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Morton v. Leidos Holdings Inc.*, No. 1:21-CV-01911-MKV, 2021 WL 3617381, at *1 (S.D.N.Y. July 30, 2021) (Vyskocil, J.). Here, Stadium Capital suffered substantial losses of approximately $70,277.10 as a result of purchasing 36,000 net shares during the Class Period and expending a net amount of $218,031.90 to purchase Co-Dx securities artificially inflated during the Class Period. *See* Uris Decl., Exs. B and C. Stadium Capital is not aware of any other movant with a larger financial interest and believes it has the largest financial interest of any lead plaintiff movant. Therefore, Stadium Capital believes it is presumptively entitled to appointment as Lead Plaintiff.

**D. Stadium Capital Is Qualified Under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, Stadium Capital satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff for the Action.

**1. Stadium Capital's Claims Are Typical of the Claims of the Class**

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class

members and proposed lead plaintiff were injured by the same conduct. *See, e.g.*, *In re Deutsche Bank Aktiengesellschaft*, 2016 WL 5867497, at *5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted).

The claims asserted by Stadium Capital are based on the same legal theory and arise out of the same course of events as the other putative class members' claims. Stadium Capital purchased shares of Co-Dx securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868(PAE), 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, Stadium Capital satisfies the typicality requirement of Rule 23(a).

**2. Stadium Capital Will Fairly and Adequately Represent the Class's Interests**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not have interests that are "antagonistic" to the class that it seeks to represent. *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (internal citation and quotations omitted). Here, Stadium Capital's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Stadium Capital's interests and those of the class. As detailed above, Stadium Capital's claims raise similar questions of law and fact as claims of the members of the class, and Stadium Capital's claims are typical of the members of the class.

Further, Stadium Capital has demonstrated its adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Uris Decl., Ex. B. Having suffered substantial losses, Stadium Capital will be a zealous advocate on behalf of the class. In addition, Stadium Capital has selected Kaplan Fox – counsel highly experienced in prosecuting securities class actions – to represent it. *See* Uris Decl., Ex. D. Thus, the close alignment of interests between Stadium Capital and other class members, and Stadium Capital's strong desire to prosecute the Action on behalf of the class, provide ample reason to grant Stadium Capital's motion for appointment as Lead Plaintiff in the Actions. Accordingly, Stadium Capital satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

**3. This Court Should Approve Stadium Capital's Choice of Counsel**

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank Aktiengesellschaft*, 2016 WL 5867497, at *5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (citations omitted). Stadium Capital has retained Kaplan Fox to file moving papers on behalf of Stadium Capital seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of itself and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and for decades has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Uris Decl., Ex. D. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Stadium Capital respectfully requests that the Court: (1) consolidate the Related Actions, (2) appoint Stadium Capital as Lead Plaintiff; (3) approve

Stadium Capital's selection of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: October 17, 2022

Respectfully submitted,

*/s/ Jason A. Uris*
Jason A. Uris
Frederic S. Fox
Donald R. Hall
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
juris@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com

*Attorneys for Movant Stadium Capital and Proposed Lead Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Jason A. Uris, hereby certify that, on October 17, 2022, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jason A. Uris*
Jason A. Uris