## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br><br>       Defendants. | Case No.: 1:22-cv-06978-MKV |
| DREW LEE, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br>       Defendants. | Case No.: 1:22-cv-07988-MKV |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF STADIUM CAPITAL LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

On October 17, 2022, Stadium Capital LLC ("Stadium Capital") sought consolidation of, and appointment as lead plaintiff in, the above-captioned actions (the "Related Actions"). No other putative class member has moved to be appointed lead plaintiff or otherwise responded to the motion of Stadium Capital (ECF No. 15). Accordingly, the motion of Stadium Capital, which incurred losses of at least $70,277.10, is unopposed.

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See, e.g., Schnall v. ProShares Trust*, Nos. 10 Civ. 3042 (JGK) and 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1 (S.D.N.Y. May 17, 2020). Here, the Related Actions concern the same or similar parties, arise out of the same courses of misconduct during the same class periods, and involve the same alleged issues of fact and law. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a), and the Court should grant the motion for consolidation of the Related Actions.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The Private Securities Litigation Reform Act of 1995 directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i); *Morton v. Leidos Holdings Inc.*, No. 1:21-CV-01911-MKV, 2021 WL 3617381, at *1 (S.D.N.Y. July 30, 2021) (Vyskocil, J.). The statute sets forth a presumption that "the most adequate plaintiff . . . is the person or group of persons that" (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the class action, (ii) "has

1

the largest financial interest in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  Accordingly, Stadium Capital, as the only movant, has the largest financial interest and is presumed to be the most adequate plaintiff provided it also otherwise satisfies Rule 23's requirements for class representatives. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Stadium Capital satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, as demonstrated in its memorandum of law in support of its lead plaintiff motion (ECF No. 17), and in the Declaration of Jason A. Uris in Support of Motion of Stadium Capital LLC for Consolidation of Related Actions, For Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel dated October 17, 2022, Ex. B. ECF No. 18-2 (PSLRA certification). No evidence has been put forth to rebut the presumption. Specifically, Stadium Capital, satisfies Rule 23(a)(3)'s typicality requirement because its claims, like the claims of every other class member, are premised on defendants' materially false statements and misleading statements made during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder. Additionally, Stadium Capital satisfies Rule 23(a)(4)'s adequacy requirement because its interests do not conflict with the interests of any other class members, and it has retained experienced counsel to vigorously prosecute this action on behalf of the class.

Because Stadium Capital's motion is unopposed and it otherwise satisfies Rule 23, Stadium Capital is the presumptive lead plaintiff and it respectfully requests that the Court (1) consolidate the Related Actions, (2) appoint Stadium Capital as Lead Plaintiff; (3) approve Stadium Capital's

selection of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  October 31, 2022                    Respectfully submitted,

*/s/ Jason A. Uris*

Frederic S. Fox
Donald R. Hall
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
juris@kaplanfox.com

*Attorneys for Movant Stadium Capital
and Proposed Lead Counsel for the Proposed
Class*

3

**CERTIFICATE OF SERVICE**

I, Jason A. Uris, hereby certify that, on October 31, 2022, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jason A. Uris*

Jason A. Uris

1