USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STADIUM CAPITAL LLC, *on behalf of itself and all others similarly situated*,

                                 Plaintiff,

-against-

CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,

                                 Defendants.

---

DREW LEE, *Individually and On Behalf of All Other Similarly Situated*,

                                 Plaintiff,

-against-

CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,

                                 Defendants.

---

**ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

1:22-cv-06978-MKV

1:22-cv-07988-MKV

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Stadium Capital LLC ("Plaintiff" or "Stadium") has moved for consolidation of the above-captioned related actions, appointment as lead plaintiff, and for designation of Kaplan Fox & Kilsheimer, LLP ("Kaplan Fox") as lead counsel in this putative class action lawsuit against Defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown (together "Defendants"). *See* Motion to Consolidate Cases [Case No. 1:22-cv-06978, ECF No. 15; Case No. 1:22-cv-07988, ECF No. 9] ("Motion"). For the reasons stated below, the motions are GRANTED.

## BACKGROUND

On August 16, 2022, Plaintiff Stadium filed a putative class action, alleging securities violations under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78j(b) and Rule 10b-5, on behalf of a class of all persons and entities who purchased the publicly traded securities of Defendant Co-Diagnostics Inc. ("Co-Dx") from May 12, 2022 through August 11, 2022 at 4:00 p.m. EST.  *See* Stadium Complaint ¶ 1 [Case No. 1:22-cv-06978, ECF No. 1] ("Stadium Compl."). Specifically, Stadium alleged that Defendants reassured its investors about demand for Co-DX's Logix Smart COVID-19 test but failed to disclose that demand for the test had plummeted.  Stadium Compl. ¶ 4.  As a result, Stadium contends that Co-DX's stock fell almost 82% after the company disclosed its revenue for the quarter ending in June 2022.  Stadium Compl. ¶ 5.

On the same day that Stadium filed its complaint, it also published a notice to all class members on *Globe Newswire*, announcing that it had initiated a securities action against Defendants.  *See* Declaration of Jason A. Uris Ex. A [Case No. 1:22-cv-06978, ECF No. 18; Case No. 1:22-cv-07988, ECF No. 12] ("Uris Dec.").  The notice informed class members that they had until October 17, 2022 to move the court to serve as lead plaintiff for the proposed class.  *See* Uris. Dec. Ex. A.

On August 31, 2022, this Court entered a Stipulation and Order submitted by Plaintiff Stadium and Defendants, ordering that "any member of the putative class [had] until October 17, 2022 to request that the Court appoint such member to serve as lead plaintiff for the putative class." Stipulation and Order [Case No. 1:22-cv-06978, ECF No. 14.]

Several weeks later, on September 19, 2022, Plaintiff Drew Lee filed a complaint in this Court against the same Defendants, alleging the same misconduct during the same time period. *See* Lee Complaint ¶¶ 1–4 [Case No. 1:22-cv-07988, ECF No. 1].  On October 17, 2022, Plaintiff Stadium filed a motion to consolidate cases, appoint Stadium as lead plaintiff, and approve its selection of Kaplan Fox as lead counsel.  *See* Motion.  No other class member—including Plaintiff

Lee—filed a timely application for appointment as lead plaintiff, or otherwise opposed Plaintiff Stadium's motion.

## DISCUSSION

### I.      Consolidation of the Related Actions

Rule 42 of the Federal Rules of Civil Procedure governs consolidation of pending lawsuits. *See Faig v. Bioscrip, Inc.*, No. 13-CV-06922, 2013 WL 6705045, at \*1 (S.D.N.Y. Dec. 19, 2013). Rule 42 provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a).  This Court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Courts in this District have found that consolidating class action shareholder suits "often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

These two cases involve sufficiently overlapping questions of law and fact, justifying consolidation.  *See Faig*, 2013 WL 6705045, at \*1.  Indeed, it appears that the allegations in the later-filed *Lee* case are in many respects cut and pasted from the earlier filed *Stadium* case.  For example, both complaints allege that Defendants unlawfully failed to disclose to investors that demand for Co-DX's Logix Smart COVID-19 Test had plummeted.  *See* Stadium Compl. ¶ 4; Lee Compl. ¶ 4.  Similarly, both allege that Co-DX's stock sank almost 82% after the company disclosed its revenue for the quarter ending in June 2022.  Stadium Compl. ¶ 5; Lee Compl. ¶ 5. Both cases plead claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5.  Stadium Compl. ¶ 1; Lee Compl. ¶ 1.  Both cases allege a similar class period of May 12, 2022 through August 11, 2022 at 4:00 p.m. EST.  Stadium Compl. ¶ 1; Lee Compl. ¶ 1.  Based on the similarity of the allegations in these two cases, Stadium's

motion to consolidate is granted.

## II.     Appointment of Stadium as Lead Plaintiff

"If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions," this Court shall only appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."   15 U.S.C.A. § 78u-4 (a)(3)(B)(ii).   Having granted the motion by Stadium Capital to consolidate, the Court now turns to its motion to appoint it as lead plaintiff and to appoint lead counsel.

Although no other party moves for appointment as lead plaintiff, the Court is nonetheless required to determine whether Stadium is an appropriate plaintiff to represent the putative class members.  *See* 15 U.S.C.A. § 78u-4(a)(3)(B)(i) (The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.").   In making its determination, the Court is guided by the statutory rebuttable presumption that the most adequate plaintiff is the individual that (1) has either filed the complaint or made a motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   The presumption may be rebutted if the Court finds evidence that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him or her incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  A plaintiff appointed as the lead plaintiff may choose counsel to represent the class, subject to this Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Based on a review of the relevant criteria and the materials submitted in this case, the Court finds that Stadium is the most adequate plaintiff to represent the purported class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, Stadium's adequacy to represent the class and pursue its claims is self-evident, given that it is the only plaintiff who seeks to serve as lead plaintiff. *See Bevinal v. Avon Prods., Inc.*, No. 19-cv-1420-CM, 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019) (appointing movant as lead plaintiff where "[n]o other class member has filed a timely application for appointment as lead plaintiff").

Second, Stadium contends that its alleged loss—and therefore its financial interest in the action—is the largest among any interested class representatives. *See* Motion 7; Uris Dec. Exs. B & C. Given this large financial stake, Stadium is presumptively the most adequate plaintiff. *See Bevinal*, 2019 WL 2497739, at *1–2.

No party has submitted any evidence or argument to rebut Stadium's status as the presumptive most adequate plaintiff. After reviewing Stadium's application and the other filings in this case, the Court finds that Stadium has made a sufficient preliminary showing that it satisfies the requirements of Rule 23. *See* Fed. R. Civ. P. 23.

Ordinarily, the Court would engage in an analysis of competing movants' losses under the factors set forth in *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which courts in this district have adopted to determine which Plaintiff has the largest financial interest. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, Case No. 18-CV-02268, 2018 WL 3093965, at *1 (S.D.N.Y. June 21, 2018). However, since Stadium is the only movant here, it is presumptively the investor with the largest loss of those interested in lead plaintiff role. *Bevinal*, 2019 WL 2497739, at *2; *see also* Uris Dec. Ex B. The Court therefore grants Stadium's application to serve as lead plaintiff.

### III.    Appointment of Kaplan Fox as Lead Counsel

The Court additionally approves the choice by Stadium Capital of Kaplan Fox to serve as Lead Counsel.  As exhibited in Stadium's submissions, Kaplan Fox has experience in large securities class actions.  *See* Uris Dec. Ex. D.  Kaplan Fox has also been appointed to represent plaintiffs in a number of other cases, including *In re Bank of America Corp. Securities, Derivative, and ERISA Litigation* (S.D.N.Y.), *In re Merrill Lynch & Co., Inc. Securities Litigation* (S.D.N.Y.), and *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.).  *See* Uris Dec. Ex. D.

### CONCLUSION

For the foregoing reasons, Stadium's motion is GRANTED. As lead counsel, Kaplan Fox shall have the following responsibilities and duties, to be carried out either personally or through counsel whom the firm designates:

a.  to coordinate the preparation and filings of all pleadings;

b.  to coordinate the briefing and argument of any and all motions;

c.  to coordinate the conduct of any and all discovery proceedings;

d.  to coordinate the examination of any and all witnesses in depositions;

e.  to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

f.  to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

g.  to coordinate all settlement negotiations with counsel for Defendants;

h.  to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as maybe required; and

i.  to supervise all other matters concerning the prosecution or resolution of the claims asserted in this action.

The Clerk of Court is respectfully requested to consolidate these actions under Case No.

1:22-cv-06978.  The Clerk of Court is further requested to terminate ECF No. 15 in Case No.

1:22-cv-06978 and ECF No. 9 in Case No. 1:22-cv-07988.

**SO ORDERED.**

**Dated: August 9, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

7