**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated, <br><br>                             Plaintiff, <br><br>     v. <br><br> CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN, <br><br><br>                           Defendants. | Case No.: 1:22-cv-06978-AS |

**REQUEST FOR FULL CONTEXT REVIEW AND/OR**
**JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................1

I.    Substantive Securities Law Requires Consideration of All of the Documents
      Attached to the Declaration of Douglas W. Greene and Cited in Defendants' Motion
      to Dismiss .........................................................................................................................1

      A.    The Securities Statutes Require Courts to Consider a More Robust Record on
            a Motion to Dismiss ..............................................................................................1

      B.    Substantive Law Trumps Incompatible Procedural Rules .....................................3

      C.    Consideration of the Documents Attached to the Declaration of Douglas W.
            Greene and Cited in the Motion to Dismiss Is Necessary in Order Properly to
            Evaluate the Sufficiency of the Consolidated Amended Complaint .......................4

II.   Federal Procedural Law Also Allows for Consideration of the Documents Attached
      to the Declaration of Douglas W. Greene and Cited in the Motion to Dismiss ..................6

      A.    It Is Appropriate and Necessary for the Court to Consider Documents
            Referenced in or Integral to the Consolidated Amended Complaint .......................6

      B.    Judicial Notice of Co-Diagnostics' Public Filings with the SEC Is
            Appropriate ...........................................................................................................7

      C.    Judicial Notice of Other Publicly Available Documents Cited in the Motion
            to Dismiss Is Appropriate .....................................................................................9

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Finn v. Barney*,
  471 F. App'x 30 (2d Cir. 2012) ...............................................................................................9

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991)...........................................................................................1, 6, 7

*Mississippi Publishing Corp. v. Murphee*,
  326 U.S. 438 (1946)...............................................................................................................3

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty.
  Ret. Ass'n v. MDC Partners, Inc.*,
  No. 15-cv-6034 (RJS), 2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016) ...................................8

*Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*,
  575 U.S. 175 (2015)...........................................................................................................2, 3

*Papasan v. Allain*,
  478 U.S. 265 (1986)...............................................................................................................1

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*,
  No. 13-cv-1654 (RA), 2014 WL 2610608 (S.D.N.Y. June 10, 2014)......................................7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)...............................................................................................................3

*Simon v. Smith & Nephew*,
  990 F. Supp. 2d 395 (S.D.N.Y. 2013).....................................................................................9

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008)...............................................................................................7, 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)...............................................................................................................2

*Tongue v. Sanofi*,
  816 F.3d 199 (2d Cir. 2016)...................................................................................................3

*In re UBS Auction Rate Sec. Litig.*,
  No. 08-cv-2967 (LMM), 2010 WL 2541166 (S.D.N.Y. June 10, 2010)..................................9

**Statutes**

28 U.S.C. § 2072(a)-(b) .............................................................................................................3

Private Securities Litigation Reform Act of 1995 ...................................................................1, 2

Securities Act of 1933.................................................................................................................2

Securities Exchange Act of 1934.................................................................................................2

Rules Enabling Act .....................................................................................................................3

**Rules**

Fed. R. Evid. 201 ....................................................................................................................7, 8

Federal Rule of Civil Procedure 12(b)(6) .................................................................................1, 6

Defendants Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company"), Dwight Egan, and Brian Brown (the "Defendants") hereby request that this Court consider the documents attached as Exhibits 1-11 to the Declaration of Douglas W. Greene and/or discussed below and cited in their Memorandum of Law in Support in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Motion to Dismiss") filed concurrently herewith. For the reasons set forth below, consideration of the contents of each of these documents is both (1) required under substantive securities law and (2) permitted pursuant to the incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting case law.

## ARGUMENT

**I.    Substantive Securities Law Requires Consideration of All of the Documents Attached to the Declaration of Douglas W. Greene and Cited in Defendants' Motion to Dismiss**

**A.    The Securities Statutes Require Courts to Consider a More Robust Record on a Motion to Dismiss**

In general, when deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts may consider facts stated in the complaint, facts in documents attached to the complaint as exhibits, facts incorporated into the complaint by reference, and facts of which the court may take judicial notice. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). At this early stage, courts also "take the well-pleaded factual allegations in the complaint as true" and draw all reasonable inferences in favor of the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). In these and other respects, federal procedural law, in general, gives plaintiffs a great deal of latitude and the full benefit of the doubt at the motion to dismiss stage.

Federal *substantive* securities law, however, strikes a different balance, and compels courts to consider a broader array of materials and conduct a more rigorous analysis when evaluating the

1

sufficiency of securities class action complaints. Congress enacted the Private Securities Litigation Reform Act of 1995 ("Reform Act") "[a]s a check against abusive litigation" because it was concerned by "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests and manipulation by class action lawyers." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313, 320 (2007). To prevent meritless securities class actions, the Reform Act, which amends the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), imposes heightened requirements for pleading that a challenged statement was false or misleading, and that it was made with intent to defraud (scienter). Congress specified that the district court "shall dismiss the complaint" on a motion to dismiss if it does not meet the Reform Act's heightened pleading standard.

Consistent with this intent, two important Supreme Court cases have construed the relevant federal securities statutes—the Securities Act, the Exchange Act, and the Reform Act—as requiring courts to consider the full factual context in evaluating allegations of falsity and scienter. In *Tellabs*, the Supreme Court considered what it means for a plaintiff to plead a "strong inference" of scienter, and concluded that this inquiry is "inherently comparative" and requires courts to consider not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. *Id*. at 322-23. The Court also held that this analysis requires courts to "consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff"—a significant departure from the usual rule that courts draw all reasonable inferences in favor of the plaintiff at the pleading stage. *Id*. at 324.

In *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), the Court reached a similar conclusion with respect to the element of falsity, holding that this too requires courts to consider not only the full statement being challenged and

the context in which it was made, but also other statements made by the company and other publicly available information, including the customs and practices of the relevant industry. *Id.* at 190 (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry"); *see also Tongue v. Sanofi*, 816 F.3d 199, 213 (2d Cir. 2016) (affirming district court's consideration of "industry-standard dialogue" between the FDA and new drug applicants in dismissing securities class action).

Together, these Supreme Court decisions, and the federal securities statutes on which they are based, compel courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities claims.

### B.  Substantive Law Trumps Incompatible Procedural Rules

Under the Rules Enabling Act, substantive law defines the scope of what courts may consider and for what purposes; to the extent that general procedural rules are inconsistent with substantive law, they must give way. 28 U.S.C. § 2072(a)-(b) ("[G]eneral rules of practice and procedure and rules of evidence . . . shall not abridge, enlarge or modify any substantive right."). The Supreme Court has explained that a procedural rule infringes—and therefore must yield to—substantive rights "if it alters 'the rules of decision by which the court will adjudicate those rights,'" as opposed to "govern[ing] only 'the manner and the means' by which the litigants' rights are 'enforced.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (quoting *Mississippi Publishing Corp. v. Murphee*, 326 U.S. 438, 446 (1946)).

Here, the substantive securities statutes, as interpreted by the Supreme Court, require courts to consider the full factual context of the challenged statements and conduct—and weigh

competing inferences, rather than construing all inferences in the plaintiffs' favor—when evaluating whether plaintiffs have sufficiently pleaded the falsity or scienter elements of their securities claims. These are substantive rules that prescribe a more expansive and rigorous analysis by which the sufficiency of securities class action complaints specifically are to be judged. To the extent this substantive law mandate is incompatible with the general procedural rules that limit consideration of outside materials on a motion to dismiss, the substantive securities laws must take precedence.

     **C.**     **Consideration of the Documents Attached to the Declaration of Douglas W. Greene and Cited in the Motion to Dismiss Is Necessary in Order Properly to Evaluate the Sufficiency of the Consolidated Amended Complaint**

Accordingly, this Court should consider the documents listed below because each provides factual context that is necessary for the Court to evaluate whether Plaintiff has sufficiently pleaded that the challenged statements were false or misleading in context, and/or in order to weigh the competing inferences with respect to scienter. The Securities and Exchange Commission ("SEC") filings and earnings call transcripts attached to the Declaration of Douglas W. Greene, and the publicly available news articles cited in the Motion to Dismiss, all are essential in order to understand the statements that Plaintiff claims were false and misleading in the context in which a reasonable investor would have viewed them. For example, Plaintiff quotes Co-Diagnostics' earnings call and investor conference transcripts at some length and alleges that many of the statements contained therein were false and misleading. Consolidated Amended Complaint ("AC") ¶¶ 45-47, 51-54, 57. Consideration of additional portions of these transcripts is necessary in order to evaluate the alleged falsity of the challenged statements in their full context. The same is true with respect to the Form 8-K filed with the SEC on May 12, 2022 and the Form 10-Q filed with the SEC on May 12, 2022, which Plaintiff claims contained false and misleading statements and which are offered here to provide additional necessary context for evaluating those statements.

4

*Id.* ¶¶ 43-44, 49. Likewise, Co-Diagnostics' 2020 and 2021 Form 10-Ks, an additional relevant earnings call transcript, the Form 8-K and press release filed with the SEC on August 11, 2022, and the publicly available news articles cited in the Motion to Dismiss are necessary to fully contextualize the challenged statements. And, to weigh the competing inferences with respect to scienter, it is necessary for the Court to review the attached Form 4s filed on May 23, 2022 on behalf of Mr. Brown and Mr. Egan.

Accordingly, it is both appropriate and necessary under the substantive securities laws for this Court to consider all of the following documents when determining whether Plaintiff has sufficiently pleaded the falsity and scienter elements of their claims:

1. Transcript of Co-Diagnostics' first quarter 2022 earnings call held on May 12, 2022 (attached as Ex. 1) (quoted at AC ¶¶ 45-47);

2. Transcript of Q&A with Dwight Egan and Brian Brown at Sidoti Small Cap Virtual Investor Conference held on June 15, 2022 (attached as Ex. 2) (referenced at AC ¶¶ 51-54);

3. Co-Diagnostics' 2021 Form 10-K, filed with the SEC on March 24, 2022 (attached as Ex. 3);

4. Co-Diagnostics'2020 Form 10-K, filed with the SEC on March 25, 2021 (attached as Ex. 4);

5. Transcript of Co-Diagnostics' fourth quarter 2021 earnings call held on March 24, 2022 (attached as Ex. 5);

6. Transcript of Co-Diagnostics' second quarter 2022 earnings call held on August 11, 2022 (attached as Ex. 6) (quoted at AC ¶ 57);

7. Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on May 12, 2022 (attached as Ex. 7) (quoted at AC ¶¶ 15, 43);

8. Co-Diagnostics' Form 10-Q filed with the SEC on May 12, 2022 (attached as Ex. 8) (quoted at AC ¶¶ 14-15, 49-50);

9. Form 4 filed by Co-Diagnostics on behalf of Mr. Brown with the SEC May 23, 2022 (attached as Ex. 9);

10. Form 4 filed by Co-Diagnostics on behalf of Mr. Egan with the SEC May 23, 2022 (attached as Ex. 10); and

11.   Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on August 11, 2022 (attached as Ex. 11) (quoted at AC ¶¶ 7, 56).

12.   The following publicly available news articles cited in the Motion to Dismiss:

a.   Paul LeBlanc, "Here's what the White House's grim coronavirus warning means for you," CNN, May 9, 2022, available at https://www.cnn.com/2022/05/09/politics/white-house-100-million-covid-infections-projection-what-matters/index.html; and

b.   Matthew Perrone, "Experts worry about costs as free COVID testing comes to end in May," *PBS.org*, Apr. 11, 2023, https://www.pbs.org/newshour/health/experts-worry-about-costs-as-free-covid-testing-comes-to-end-in-may.

## II.   Federal Procedural Law Also Allows for Consideration of the Documents Attached to the Declaration of Douglas W. Greene and Cited in the Motion to Dismiss

Consideration of these same documents is also appropriate under the standard procedural rules regarding incorporation-by-reference and judicial notice.

### A.   It Is Appropriate and Necessary for the Court to Consider Documents Referenced in or Integral to the Consolidated Amended Complaint

Even under the usual procedural rules governing motions to dismiss, documents that are referenced in or integral to a complaint may be considered regardless of whether they are physically attached to it. *See Kramer*, 937 F.2d at 773-74 (taking judicial notice of documents cited in securities fraud complaint: "Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements."). The Court should consider the documents listed below because each is specifically referenced in the Consolidated Amended Complaint and is integral to Plaintiff's claims. Plaintiff quotes two of Co-Diagnostics' earnings calls, statements made at a June 15, 2022 investor conference, the press releases attached to Co-Diagnostics' May 12, 2022 and August 11, 2022 Form 8-Ks, and Co-

Diagnostics' May 12, 2022 Form-10-Q. These documents include many of the statements Plaintiff claims were false and misleading. Accordingly, it is appropriate for the Court to consider these documents because each is incorporated by reference into, and/or are integral to, Plaintiff's pleadings:

1. Transcript of Co-Diagnostics' first quarter 2022 earnings call held on May 12, 2022 (attached as Ex. 1) (quoted at AC ¶¶ 45-47);

2. Transcript of Q&A with Dwight Egan and Brian Brown at Sidoti Small Cap Virtual Investor Conference held on June 15, 2022 (attached as Ex. 2) (referenced at AC ¶¶ 51-54);

3. Transcript of Co-Diagnostics' second quarter 2022 earnings call held on August 11, 2022 (attached as Ex. 6) (quoted at AC ¶ 57);

4. Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on May 12, 2022 (attached as Ex. 7) (quoted at AC ¶¶ 15, 43); and

5. Co-Diagnostics' Form 10-Q filed with the SEC on May 12, 2022 (attached as Ex. 8) (quoted at AC ¶¶ 14-15, 49-50); and

6. Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on August 11, 2022 (attached as Ex. 11) (quoted at AC ¶¶ 7, 56).

### B. Judicial Notice of Co-Diagnostics' Public Filings with the SEC Is Appropriate

A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, No. 13-cv-1654 (RA), 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings" (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008))). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Second Circuit has concluded that SEC filings meet these requirements and may properly be considered at the motion to dismiss stage. *Kramer*, 937 F.2d at 774 (affirming consideration of SEC filings). The contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with the SEC, "no serious question as to their authenticity can exist." *Id.* (quoting Fed. R. Evid. 201(b)(2)) (finding it "highly impractical and inconsistent with Fed. R. Evid. 201" to preclude a district court from taking judicial notice of SEC filings in a Section 10(b) case). In particular, in weighing allegations that false or misleading statements were made under Section 10(b), it is appropriate for a court to consider both "related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements." *Id.* Additionally, when analyzing a defendant's stock sales, courts "routinely look to information from SEC filings[.]" *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.*, No. 15-cv-6034 (RJS), 2016 WL 5794774, at *20 n.10 (S.D.N.Y. Sept. 30, 2016) (citation and quotation marks omitted).

Accordingly, consideration of the following documents is appropriate because they are documents filed with the SEC and are matters of public record:

1. Co-Diagnostics' 2021 Form 10-K, filed with the SEC on March 24, 2022 (attached as Ex. 3);

2. Co-Diagnostics' 2020 Form 10-K, filed with the SEC on March 25, 2021 (attached as Ex. 4);

3. Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on May 12, 2022 (attached as Ex. 7) (quoted at AC ¶¶ 15, 43);

4. Co-Diagnostics' Form 10-Q filed with the SEC on May 12, 2022 (attached as Ex. 8) (quoted at AC ¶¶ 14-15, 49-50);

5.    Form 4 filed by Co-Diagnostics on behalf of Mr. Brown with the SEC May 23, 2022 (attached as Ex. 9);

6.    Form 4 filed by Co-Diagnostic son behalf of Mr. Egan with the SEC May 23, 2022 (attached as Ex. 10); and

7.    Co-Diagnostics' Form 8-K and attached press release, filed with the SEC on August 11, 2022 (attached as Ex. 11) (quoted at AC ¶¶ 7, 56).

### C.    Judicial Notice of Other Publicly Available Documents Cited in the Motion to Dismiss Is Appropriate

Finally, consideration of a publicly available news article and investor call transcripts cited in the Motion to Dismiss is appropriate because they are publicly available information. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Staehr*, 547 F.3d at 426. Thus, courts may, and routinely do, take judicial notice of media coverage and other publicly available information. *See, e.g.*, *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of news articles and other publicly available information); *Simon v. Smith & Nephew*, 990 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2013) (taking judicial notice of public records contained on FDA website); *In re UBS Auction Rate Sec. Litig.*, No. 08-cv-2967 (LMM), 2010 WL 2541166, at *10-12, 14 (S.D.N.Y. June 10, 2010) (taking judicial notice of news articles and media reports). Accordingly, it is appropriate for the Court to consider the following publicly available information cited in the Motion to Dismiss:

1.    Transcript of Co-Diagnostics' first quarter 2022 earnings call held on May 12, 2022 (attached as Ex. 1) (quoted at AC ¶¶ 45-47), *available at https://seekingalpha.com/article/4510970-co-diagnostics-inc-codx-ceo-dwight-egan-on-q1-2022-results-earnings-call-transcript*.

1.    Transcript of Co-Diagnostics' fourth quarter 2021 earnings call held on March 24, 2022 (attached as Ex. 5), *available at https://seekingalpha.com/article/4497673-co-diagnostics-inc-codx-ceo-dwight-egan-on-q4-2021-results-earnings-call-transcript;*

2.  Transcript of Co-Diagnostics' second quarter 2022 earnings call held on August 11, 2022 (attached as Ex. 6) (quoted at AC ¶¶ 57, 75), *available at https://seekingalpha.com/article/4533274-co-diagnostics-inc-s-codx-ceo-dwight-egan-on-q2-2022-results-earnings-call-transcript*;

3.  Paul LeBlanc, "Here's what the White House's grim coronavirus warning means for you," *CNN*, May 9, 2022, *available at https://www.cnn.com/2022/05/09/politics/white-house-100-million-covid-infections-projection-what-matters/index.html*; and

4.  Matthew Perrone, "Experts worry about costs as free COVID testing comes to end in May," *PBS.org*, Apr. 11, 2023, https://www.pbs.org/newshour/health/experts-worry-about-costs-as-free-covid-testing-comes-to-end-in-may.

## CONCLUSION

For the foregoing reasons, it is both necessary under substantive securities law and appropriate under federal procedural rules for this Court to consider all of the documents attached as Exhibits to the Declaration of Douglas W. Greene and/or referenced above and in the Motion to Dismiss. Accordingly, Defendants respectfully request that the Court consider these materials when deciding their Motion to Dismiss the Consolidated Amended Complaint filed concurrently herewith.

Dated: October 20, 2023                    Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Douglas W. Greene*
       Douglas W. Greene (*pro hac vice*)
       dgreene@bakerlaw.com
       Genevieve G. York-Erwin
       gyorkerwin@bakerlaw.com
       Zachary R. Taylor
       ztaylor@bakerlaw.com
       45 Rockefeller Plaza
       New York, NY 10111
       Telephone: 212.589.4200

       *Attorneys for Defendants*