**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN, <br><br> Defendants. | Case No.: 22-cv-6978-AS <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR FULL CONTEXT REVIEW AND/OR JUDICIAL NOTICE**

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Lead Counsel for Lead Plaintiff and the*
*Proposed Class*

November 21, 2023

## I.   INTRODUCTION

In addition to their 20-page memorandum in support of their motion to dismiss ("MTD Br."), Defendants have submitted a 10-page memorandum in support of their request for "full context review and/or judicial notice" ("RJN Br."). The contours of judicial notice are well-settled. "[W]here public records that are *integral* to a fraud complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, *is permitted* to take judicial notice of those records." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). "If the court takes judicial notice, it does so in order 'to determine *what* statements [they] contained'—but '*again not for the truth of the matters asserted.*'" *Id*. (internal citation omitted) (emphasis in original). This uncontroversial standard is entirely omitted from Defendants' RJN Br.

As such, Defendants' request for "full context review" is nothing more than an attempt to take part in the "concerning pattern in securities cases like this one [of] exploiting [judicial notice and incorporation by reference] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.*, at 999 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In fact, the "risk [of misusing judicial notice to resolve competing theories against the complaint] is especially significant in . . . fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Khoja*, 899 F.3d at 998.

## II.   ARGUMENT

Plaintiff agrees that Exhibits 1-2, 6-8, and 11 to the Declaration of Douglas W. Greene

Declaration (the "Green Decl.") were incorporated by reference into the Consolidated Amended Complaint (ECF No. 31), and therefore the Court *may* consider them, not for their truth, but to confirm that statements contained therein were publicly available.   *Roth*, 489 F.3d at 509. Defendants' request, however, goes far beyond the proper scope of judicial notice or incorporation by reference.  In fact, Defendants' RJN Br. is nearly a verbatim copy of a brief that their counsel submitted in support of a virtually identical request for "full context review" in a recent case in this District that was rejected out of hand.  *See Kasilingam v. Tilray, Inc.*, No. 20-cv-03459 (PAC), 2022 WL 4537846, at *1 (S.D.N.Y. Sept. 28, 2022), *reversed on reconsideration on other grounds*, No. 20-cv-03459 (PAC), 2023 WL 5352294 (S.D.N.Y. Aug. 21, 2023) ("The Court disagrees with Defendants that it is required to do a 'full context review' on a motion to dismiss in a securities fraud action.") (citing *Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382 (S.D.N.Y. 2020) (noting that the rules surrounding securities fraud complaints "permit" courts to consider documents incorporated into the complaint and matters of judicial notice), *aff'd*, 847 F. App'x 35 (2d Cir. 2021)).  As the court in *Kasilingam* correctly noted, "to the extent the Court *does* consider Defendants' extensive record, it may only do so to 'determine what the documents stated,' not for the truth of the matter asserted."  2022 WL 4537846, at *1 (citing *Roth*, 489 F.3d at 509 (2d Cir. 2007)) (emphasis in original).

Just as in *Kasilingam*, "Defendants rely on these documents to contradict the allegations in the complaint."  2022 WL 4537846, at *1; *see* MTD Br. at 5-7, 14, 16-20.  As such, the news articles submitted by Defendants (Exs. 12(a) and (b)) should not be considered because "[i]t is improper for this Court to supplant the allegations of the Plaintiff at the pleadings stage".  *Kasilingam*, 2022 WL 4537846, at *1 (declining to consider news articles and citing *Akerman v. Arotech Corp.*, 608 F. Supp. 2d 372, 380–81 (E.D.N.Y. 2009) ("Despite the several 'heightened'

2

pleading requirements imposed on securities fraud plaintiffs, their allegations are still accepted as true at the 12(b)(6) stage." (citations omitted)); and *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) ("[C]ourts may take judicial notice not of the truth in news articles, but that their contents are publicly available.")). Similarly, the Court should "declin[e] to review the unincorporated SEC documents" (Exs. 3-4, 9-10). *Kasilingam*, 2022 WL 4537846, at *1 (internal citation omitted). For the same reason, Ex. 5 (Transcript of Co-Diagnostics' fourth quarter 2021 earnings call held on March 24, 2022) should not be considered because was not referenced or incorporated into the complaint. *See, e.g., Gray*, 454 F. Supp. 3d at 383-84 (declining to consider or take judicial notice of SEC filings and press release where "Plaintiff d[id] not rely on them for his Complaint, nor [were] they integral to his Complaint."). Indeed, review of such documents should be reserved, if at all, for summary judgment. *Kasilingam*, 2022 WL 4537846, at *1; *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2019 WL 4464802, at *6 (S.D.N.Y. Sept. 17, 2019) ("If a motion to dismiss introduces additional materials outside the pleadings, Federal Rule of Civil Procedure 12(d) specifies that a court may either exclude those materials or convert the motion to one for summary judgment.").

Defendants claim that *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015), a 2015 Supreme Court case, mandated that courts consider extrinsic facts, thereby revoking the application Federal Rule of Civil Procedure 12 in securities cases *sub silentio*. RJN Br. at 2-3. They do not cite single case decided in the intervening eight years that has endorsed their view. *Omnicare* does mention, in passing, that courts may take into account the "customs and practices of the relevant industry." *Id*. at 190. But courts may consider these customs and practices for the limited purpose of determining how investors would have interpreted statements, not, as defendants outlandishly suggest, as part of a "compel[led]

3

consider[ation of] the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities claims." RJN Br. at 3; *Omnicare*, 575 U.S. at 190 ("customs and practices" are relevant because "whether an omission makes an expression of opinion misleading always depends on context."). *Tongue v. Sanofi*, cited by Defendants, confirms that *Omnicare*'s holding was limited to interpreting statements.   816 F.3d 199 (2d Cir. 2016). There, the plaintiffs alleged that the defendants' statements expressing enthusiasm that the FDA would approve the company's drug misleadingly failed to disclose that the FDA had expressed concerns. *Sanofi*, 816 F.3d at 211. The Second Circuit found that the statements were not misleading to plaintiffs because, as "sophisticated investors", they were "aware, as the district court recognized, that '[c]ontinuous dialogue between the FDA and the proponent of a new drug is the essence of the product license application process.'" *Id.*

But here, Defendants are not asking the Court to consider industry customs and practices to determine how investors would have interpreted their statements.  *See, e.g.*, *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 177 (2d Cir. 2020) (investors viewing a presentation at an important industry tradeshow "would have credited [defendants'] statement as researched and intentional, part of a well-prepared professional presentation.").  Rather, as their brief admits, Defendants are attempting to use these documents for the improper purpose of submitting facts beyond the four corners of the complaint as "evidence of good faith" in order to "weigh the competing inferences with respect to scienter."  MTD Br. at 3, 17-18, RJN Br. at 2-5.  This is not a proper purpose, and Defendants do not cite any cases in support of this proposition.  *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("The reference was not relied on for its truth, and so was not 'a ground for decision and does not run afoul of the rule

that a district court must confine itself to the four corners of the complaint when deciding a motion to dismiss under Rule 12(b)(6).'") (internal citation and quotation omitted). Leaving aside that the Consolidated Amended Complaint does not rely on a theory of scienter that turns on whether Defendants "sincerely held" any opinions (Opp. Br. at 11-13, 16-20), "good faith" is an affirmative defense, so "[t]hough defendants are correct that evidence of good faith . . . can cut against a finding of scienter, such evidence is to be weighed by the jury." *In re Apple Inc. Sec. Litig.*, No. 4:19-CV-02033-YGR, 2023 WL 4195051, at *5 (N.D. Cal. June 26, 2023) (citing *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1060 (9th Cir. 2000) (stating scienter is a "'fact-specific' issue which should ordinarily be left to the trier of fact"). Indeed, as the Supreme Court held in *Tellabs*, scienter is sufficiently pled "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw ***from the facts alleged***." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). "Nonculpable explanations" and "non-fraudulent inferences" (MTD Br. at 17) drawn from documents outside the four corners of the complaint do not defeat a complaint's well-plead allegations, rather they are inconsistent with the "facts alleged" and therefore implausible. *Tellabs*, 551 U.S. at 324.

### III.    CONCLUSION

It is a foundational legal principle that motions to dismiss are not to be used to resolve factual disputes. Defendants read certain words and phrases in *Tellabs* and *Omnicare* to reverse this principle, but they misstate both cases' holdings and ignore controlling authorities that reject the improper use of judicial notice that Defendants attempt here. Because there is no such thing as a "Full Context Review" on a motion to dismiss that allows Defendants to rely on "evidence" outside the four corners of a complaint to dispute well-pled allegations, the Court should deny Defendants' request and deny their motion to dismiss in its entirety. *See, e.g., Tomaszewski v.*

*Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020) (denying motion to dismiss "in its entirety because, after careful consideration, the Court has determined that the stricken documents are so intertwined with and integral to the arguments raised in the motion that it is not possible to excise the documents or parse the proper arguments from the improper.").

Dated: November 21, 2023

**KAPLAN FOX & KILSHEIMER LLP**

*/s/   Jason A. Uris*

Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
E-mail: ffox@kaplanfox.com
E-mail: dhall@kaplanfox.com
E-mail: juris@kaplanfox.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*