## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STADIUM CAPITAL LLC, on behalf of itself
and all others similarly situated,

                   Plaintiff,

    v.

CO-DIAGNOSTICS, INC., DWIGHT H. EGAN,
and BRIAN L. BROWN,

                   Defendants.

Case No.: 1:22-cv-06978-AS

## REPLY IN SUPPORT OF
## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

Plaintiff does not contest that Exhibits 1-2, 6-8, and 11 to the Greene Declaration (Dkt. #34) are incorporated by reference in the AC and may be considered in deciding Defendants' motion to dismiss (Dkt. #33; "MTD"). Nor does it argue that the other requested materials (Exs. 3-5 and 9-10, and news articles) are improper subjects of judicial notice. Rather, it argues only that the Court may not consider these documents "for the truth of the matters asserted" therein. Opp. to RJN (Dkt. #39; "RJN Opp.'"). This is somewhat disingenuous since Plaintiff's Opposition to the MTD (Dkt. #37; "Opp.") itself cites five of these same documents (including two not incorporated by reference) for the truth of their contents. *See* Opp. 10 n.3, 14-15, 19 (citing Exs. 1, 3, 5, 6, and 8). But in any case, that is not what Defendants seek: the Request for Judicial Notice (Dkt. #34; "RJN") simply asks the Court to use these documents—each of which is incorporated by reference or appropriately subject to judicial notice—to contextualize the challenged statements and evaluate Plaintiff's scienter allegations in light of competing inferences, as *Omnicare* and *Tellabs* require. While these materials are not necessary to the success of Defendants' MTD, they provide important context for assessing Plaintiff's claims and further demonstrate the AC's insufficiency, and the Court should consider them in deciding the MTD.

**Omnicare *and* Tellabs *direct courts to consider materials beyond the complaint when evaluating falsity and scienter.*** Plaintiff makes much of the decision in *Kasilingam v. Tilray, Inc.*, No. 20-cv-03459 (PAC), 2022 WL 4537846, at *1 (S.D.N.Y. Sept. 28, 2022), *reversed on reconsideration on other grounds*, 2023 WL 5352294 (S.D.N.Y. Aug. 21, 2023), in which the district court rejected a similar request for full context review on behalf of different defendants. Respectfully, Defendants contend that opinion was wrongly decided in many respects, including its rejection of defendants' full context review arguments; indeed, the court ultimately reversed itself and granted defendants' motion to dismiss on reconsideration. 2023 WL 5352294, at *8. In

1

any case, *Kasilingam*'s brief analysis on this point is not binding or persuasive.

The Supreme Court in *Omnicare* held that whether a statement is false or misleading "always depends on context," requiring courts to consider not only the allegations in the complaint but also, among other things, "all [the] surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry." *Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015). Similarly, construing the Reform Act's strong-inference standard for pleading scienter, *Tellabs* held that to determine "whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences" and in doing so "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007).

Plaintiff argues that any such full context review is improper because it allows defendants to contradict adequately pleaded facts. But the weighing of competing inferences of scienter—required by *Tellabs*—does not require courts to make ultimate determinations as to the truth of judicially noticed facts; it simply requires that they give due consideration to all information properly before them, including materials incorporated by reference or subject to judicial notice. Moreover, the falsity analysis required by *Omnicare* is an "objective" inquiry focusing "on the perspective of a reasonable investor" informed by all contextualizing publicly available information. 575 U.S. at 186-87. Whether that information is true is beside the point; what matters is that it shaped the investor's understanding of the challenged statement. In short, companies are entitled to presume they are speaking to a knowledgeable market—they are not required to recite

2

every piece of publicly available information that might be relevant each time they speak—and a securities complaint cannot avoid dismissal by cherry-picking allegations to avoid the Court's evaluation of relevant contextual information, as required by the Supreme Court. Thus, the Second Circuit has consistently recognized that *Omnicare* requires courts to consider not just the customs and practices of the industry but the entirety of the "broader frame" within which an investor would have interpreted each challenged statement. *Tongue v. Sanofi*, 816 F.3d 199, 211, 214 (2d Cir. 2016); *see also Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 350, 352-56 (2d Cir. 2022) (relying on public sources not cited in complaint to find there was no "industry consensus" regarding medical definition, undercutting falsity and scienter allegations); *Shreiber v. Synacor, Inc*, 832 F. App'x 54, 57 (2d Cir. 2020) (similar re public materials "tending to show" allegedly omitted information).

Plaintiff would shield the Court from the context of the challenged statements and the many non-culpable inferences to be drawn from documents properly before it. The RJN simply asks the Court to consider these documents in conducting the analyses required by *Omnicare* and *Tellabs*.

***The Court need not decide the above question, however, because each document may properly be considered under the usual procedural rules***. Plaintiff concedes that Exhibits 1-2, 6-8, and 11 are incorporated by reference and may be considered. RJN Opp. 1-2. It also does not dispute (nor could it) that the remaining documents (Exs. 3-5, 9-10, and news articles) may be considered under the procedural rules, since each is an SEC filing, news article, or other publicly available material properly subject to judicial notice. The 2021 Form 10-K (Ex. 3), 2020 Form 10-K (Ex. 4) and Forms 4 (Exs. 9-10) were filed with the SEC, and the Second Circuit has long held that SEC filings meet the requirements for judicial notice under Fed. Rule of Evid. 201(b). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (affirming judicial notice of SEC

3

filings on motion to dismiss because they are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and "no serious question as to their authenticity can exist."); *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.*, 2016 WL 5794774, at \*20 n.10 (S.D.N.Y. Sept. 30, 2016) (considering Forms 4 when analyzing stock sales). Likewise, the transcript of Co-Diagnostics' 4Q/FY 2021 earnings call held on March 24, 2022 (Ex. 5) and the news articles cited in the MTD are the types of publicly available information of which courts routinely take judicial notice. *See, e.g.*, *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (judicial notice of news articles and other publicly available information); *Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (same); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 787 & n.9 (S.D.N.Y. 2020) (same re investor call transcript); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (same re earnings call transcripts).

Instead, Plaintiff primarily argues (again) that even if these materials are incorporated by reference or appropriate for judicial notice, the Court may not consider them for the truth of their contents. The Court need not accept the facts presented in the exhibits and articles as true in order to grant the MTD, but a number of courts—including the Second Circuit—have recognized that documents incorporated by reference in the complaint may be considered, in their entirety, for the truth of their contents. *See Bristol-Myers Squibb Co.*, 28 F.4th at 352 n.3  ("[D]istrict courts may 'permissibly consider documents other than the complaint' for the truth of their contents if they 'are attached to the complaint or incorporated in it by reference'"); *Chapman v. Mueller Water Prod., Inc.*, 466 F. Supp. 3d 382, 387-88 (S.D.N.Y. 2020) ("The Court accepts the well-pleaded allegations of the SAC and the documents incorporated therein as true for purposes of the motion to dismiss."); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020)

("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (citing *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)).

In any event, as Defendants' briefing makes clear, even the more limited use of the documents advocated by Plaintiff helps demonstrate the insufficiency of its pleadings. Defendants offer the earnings call transcripts, financial reports, press releases, and news articles to show what other statements Defendants made to investors, what warnings and risk discussions they provided, which statements were identified as forward-looking and accompanied by meaningful cautionary language, and what information was known to the market through media coverage. Plaintiff can argue about the most reasonable inferences to draw from these materials, but their existence and contents are indisputably appropriate for judicial notice and consideration.

As for Plaintiff's parting suggestion that the Court should deny the MTD solely because it cites materials beyond the complaint (RJN Opp. 5-6), this finds no legal support. The single out-of-circuit decision Plaintiff cites denied a motion to dismiss because it relied almost entirely on confidential FDA communications that were not publicly available and not referenced in or integral to the complaint. *See id.*; *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020). Here there are no such extreme circumstances: all the documents at issue are incorporated by reference into the AC, or filed with the SEC and/or otherwise publicly available. This Court is fully capable of assessing the claims and defenses in this case (with or without consideration of the requested materials) and denial of the MTD on this basis would be unnecessary and improper.

Accordingly, Defendants respectfully request that the Court consider the materials attached to the Greene Declaration and/or discussed in the RJN when deciding their Motion to Dismiss.

Dated: December 13, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/ Douglas W. Greene
Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Genevieve G. York-Erwin
gyorkerwin@bakerlaw.com
Zachary R. Taylor
ztaylor@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

*Attorneys for Defendants*