**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br><br>                   Defendants. | Case No.: 1:22-cv-06978-AS |

## DEFENDANTS CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, AND BRIAN BROWN'S ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

Defendants Co-Diagnostics, Inc. ("Co-Diagnostics"), Dwight H. Egan ("Egan"), and Brian Brown ("Brown") (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer to the Consolidated Amended Class Action Complaint For Violations of Federal Securities Laws (the "Complaint"; Dkt. #31) filed by Plaintiff Stadium Capital LLC ("Plaintiff").

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Plaintiff and any members of the putative class that Plaintiff purports to represent; and deny that any of the claims asserted against Defendants may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1. Defendants admit that Paragraph 1 purports to describe Plaintiff's claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that Co-Diagnostics develops, manufactures, and sells reagents used for diagnostic tests. To the extent the allegations in Paragraph 2 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that Plaintiff references a publicly available press release which speaks for itself. Defendants respectfully refer the Court to the January 23, 2020 press release referenced in Paragraph 3 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 3. To the extent the allegations in Paragraph 3 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 3, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 3.

4.    Defendants admit that Plaintiff references publicly available press releases which speak for themselves. Defendants respectfully refer the Court to the February 24, 2020 press release and the April 6, 2020 press release referenced in Paragraph 4 for complete and accurate statements of their contents, and deny any inconsistent allegations in Paragraph 4. To the extent the allegations in Paragraph 4 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 4.

5.    Defendants admit that the allegations in Paragraph 5 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 5.

6.    To the extent the allegations in Paragraph 6 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny such allegations in Paragraph 6. To the extent the allegations in Paragraph 6 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny them.

7.    Defendants admit that Plaintiff references a publicly available press release and 2022 Form 8-K, which speak for themselves. Defendants respectfully refer the Court to the August 11, 2022 press release and 2022 Form 8-K referenced in Paragraph 7 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 7. To the extent the

allegations in Paragraph 7 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 of the Complaint state legal or economic conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     To the extent the allegations in Paragraph 10 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 10 except Defendants admit that Paragraph 10 purports to describe Plaintiff's claims and that venue is proper in this District.

11.     To the extent the allegations in Paragraph 11 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, on that basis, deny them.

13.     Defendants admit the description of Defendant Co-Diagnostics contained in Paragraph 13 of the Complaint.

14.     Defendants admit that Defendant Egan joined the Company as an officer and director in April 2013 and has served as the Company's Chief Executive Officer, President and Chairman of the Board. Defendants further admit that Plaintiff references a 2022 Form 10-Q, which speaks for itself. Defendants respectfully refer the Court to the 2022 Form 10-Q referenced

in Paragraph 14 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 14. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit that Defendant Brown joined the Company in February 2021 and has served as the Company's Chief Financial Officer and Secretary. Defendants further admit that Plaintiff references a 2022 Form 10-Q and a 2022 Form 8-K, which speak for themselves. Defendants respectfully refer the Court to the 2022 Form 10-Q and 2022 Form 8-K referenced in Paragraph 15 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 15. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 16 except Defendants admit to the extent in Paragraph 16 Plaintiff purports to refer to Defendants Egan and Brown collectively as the "Individual Defendants" in the Complaint. To the extent the allegations in Paragraph 16 rely on other factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny them.

17.     Defendants admit to the extent in Paragraph 17 Plaintiff purports to refer to Defendants Co-Diagnostics, Egan, and Brown collectively as the "Defendants" in the Complaint.

18.     Defendants admit that Co-Diagnostics was formed on or about April 18, 2013, as a Utah corporation. To the extent the allegations in Paragraph 18 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

4

allegations contained in Paragraph 18, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Plaintiff references an April 28, 2017 Form S-1 Registration Statement, which speaks for itself. Defendants respectfully refer the Court to the April 28, 2017 Form S-1 Registration Statement referenced in Paragraph 19 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 19. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that Plaintiff references the prospectus attached to the April 28, 2017 Form S-1 Registration Statement which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 20. Defendants respectfully refer the Court to the prospectus attached to the April 28, 2017 Form S-1 Registration Statement referenced in Paragraph 20 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 20.

21.     Defendants admit that Plaintiff references the prospectus attached to the April 28, 2017 Form S-1 Registration Statement which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 21. Defendants respectfully refer the Court to the prospectus attached to the April 28, 2017 Form S-1 Registration Statement referenced in Paragraph 21 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 21.

22.     Defendants admit that the allegations in Paragraph 22 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 22.

23.    Defendants admit that the Co-Diagnostics stock was first listed on the NASDAQ on or about July 12, 2017 with an opening price of $6. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis deny them.

24.    To the extent the allegations in Paragraph 24 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 24.

25.    Defendants admit that COVID-19 is a significant virus that presented a significant need for testing. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 25.

26.    Defendants admit that Co-Diagnostics developed the Logix test using technology called CoPrimer. To the extent the allegations in Paragraph 26 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that the allegations in Paragraph 27 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that Plaintiff references a publicly available press release, which speaks for itself. Defendants respectfully refer the Court to the February 24, 2020 press release

referenced in Paragraph 28 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 28. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that on or about April 6, 2020 Co-Diagnostics received Emergency Use Authorization from the FDA. To the extent the allegations in Paragraph 29 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that the allegations in Paragraph 30 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 30.

31.    Defendants admit that the allegations in Paragraph 31 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 31 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 31.

32.    Defendants admit that the allegations in Paragraph 32 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 32.

33.    Defendants admit that the allegations in Paragraph 33 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 33.

34.    Defendants admit that the allegations in Paragraph 34 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 34.

35.    Defendants admit that Plaintiff references and selectively quotes from an August 14, 2020 earnings call transcript which speaks for itself. Defendants respectfully refer the Court to the August 14, 2020 earnings call transcript referenced in Paragraph 35 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 35. To the extent the allegations in Paragraph 35 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 35.

36.    Defendants admit that the allegations in Paragraph 36 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 36 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that the allegations in Paragraph 37 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that Plaintiff references and selectively quotes from a publicly available press release, which speaks for itself. Defendants respectfully refer the Court to the March 24, 2022 press release referenced in Paragraph 38 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 38. To the extent the allegations in Paragraph 38 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that the allegations in Paragraph 39 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that the allegations in Paragraph 40 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that the allegations in Paragraph 41 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 41.

42. Defendants admit that the allegations in Paragraph 42 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 42.

43. Defendants admit that Plaintiff references and selectively quotes from a publicly available press release, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2022 press release referenced in Paragraph 43 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 43. Further Defendants admit that Plaintiff purports that the alleged Class Period begins on May 12, 2022. To the extent the allegations in Paragraph 43 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 43.

44. Defendants admit that Plaintiff references and selectively quotes from a publicly available press release, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2022 press release referenced in Paragraph 44 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 44. To the extent the allegations in Paragraph 44 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that Plaintiff references and selectively quotes from a publicly available earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2022 earnings call transcript referenced in Paragraph 45 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 45. To the extent the allegations in Paragraph 45 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 45.

46.     Defendants admit that Plaintiff references and selectively quotes from a publicly available earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2022 earnings call transcript referenced in Paragraph 46 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 46. To the extent the allegations in Paragraph 46 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that Plaintiff references and selectively quotes from a publicly available earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2022 earnings call transcript referenced in Paragraph 47 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 47. To the extent the allegations in Paragraph 47 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, on that basis, deny

them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 47.

48.    To the extent the allegations of Paragraph 48 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49.    Defendants admit that Plaintiff references and selectively quotes from a 2022 Form 10-Q, which speaks for itself. Defendants respectfully refer the Court to the 2022 Form 10-Q referenced in Paragraph 49 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 49. To the extent the allegations in Paragraph 49 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 49.

50.    To the extent the allegations of Paragraph 50 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.    Defendants admit that Plaintiff references and selectively quotes from a Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript referenced in Paragraph 51 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 51. To the extent the allegations in Paragraph 51 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, deny them. Except

to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 51.

52.     To the extent the allegations of Paragraph 52 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that Plaintiff references and selectively quotes from a Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript referenced in Paragraph 53 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 53. To the extent the allegations in Paragraph 53 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that Plaintiff references and selectively quotes from a Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the Sidoti Summer 2022 Small Cap Virtual Conference presentation transcript referenced in Paragraph 54 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 54. To the extent the allegations in Paragraph 54 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 54.

13

55.    To the extent the allegations of Paragraph 55 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.    Defendants admit that Plaintiff references and selectively quotes from a publicly available press release and a 2022 Form 8-K, which speak for themselves. Defendants respectfully refer the Court to the August 11, 2022 press release and the 2022 Form-8K referenced in Paragraph 56 for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 56 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 56.

57.    Defendants admit that Plaintiff references and selectively quotes from a publicly available earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the August 11, 2022 earnings call transcript referenced in Paragraph 57 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 57. To the extent the allegations in Paragraph 57 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 57.

58.    To the extent the allegations in Paragraph 58 of the Complaint state legal or economic conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 58.

14

59. Defendants admit that the allegations in Paragraph 59 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 59 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. To the extent the allegations in Paragraph 61 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 61.

62. To the extent the allegations in Paragraph 62 state legal or economic conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 62.

63. To the extent the allegations in Paragraph 63 of the Complaint state legal or economic conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained n Paragraph 63.

64. To the extent the allegations in Paragraph 64 state legal or economic conclusions, no response is required or appropriate. To the extent required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 64.

65.     To the extent the allegations of Paragraph 65 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that Plaintiff references and selectively quotes from a May 13, 2021 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 13, 2021 earnings call transcript referenced in Paragraph 66 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 66. To the extent the allegations in Paragraph 66 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 66.

67.     To the extent the allegations of Paragraph 67 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     Defendants admit that Plaintiff references and selectively quotes SEC filings, which speak for themselves. Defendants respectfully refer the Court to its SEC filings referenced in Paragraph 68 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 68. To the extent the allegations in Paragraph 68 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 68.

69.     To the extent the allegations of Paragraph 69 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 69

70.     Defendants admit that the allegations in Paragraph 70 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that the allegations in Paragraph 71 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 71.

72.     Defendants admit that the allegations in Paragraph 72 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 72.

73.     Defendants admit that the allegations in Paragraph 73 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that Plaintiff references and selectively quotes from a publicly available earnings call transcript and an August 11, 2022 press release, which speak for themselves. Defendants respectfully refer the Court to the May 12, 2022 earnings call transcript and the August 11, 2022 press release referenced in Paragraph 74 for a complete and accurate

statement of their contents, and deny any inconsistent allegations in Paragraph 74. To the extent the allegations in Paragraph 74 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 74

75.     To the extent the allegations in Paragraph 75 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants admit that the allegations in Paragraph 75 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 75.

76.     To the extent the allegations of Paragraph 76 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     To the extent the allegations of Paragraph 77 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that Paragraph 78 purports to describe Plaintiff's claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     To the extent the allegations of Paragraph 79 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 79. To the extent the allegations in Paragraph 79 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, deny them.

80.    To the extent the allegations of Paragraph 80 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.    To the extent the allegations of Paragraph 81 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.    To the extent the allegations of Paragraph 82 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.    To the extent the allegations of Paragraph 83 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.    To the extent the allegations of Paragraph 84 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 85.

86.    To the extent the allegations of Paragraph 86 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.     To the extent the allegations of Paragraph 87 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     To the extent the allegations of Paragraph 88 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.     To the extent the allegations of Paragraph 89 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.     Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 90.

91.     To the extent the allegations of Paragraph 91 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     To the extent the allegations of Paragraph 92 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.     To the extent the allegations of Paragraph 93 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

The remainder of the Complaint consists of: (i) Plaintiff's introductory paragraph describing, among other things, the parties and Plaintiff's purported "knowledge" and

investigation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the introductory paragraph; (ii) Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever; (iii) Plaintiff's exhibit attached to the Complaint. Defendants lack knowledge or information to form a belief as to the truth of the allegations in the exhibit attached to the Complaint, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the exhibit attached to the Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, or any allegedly deceptive or manipulative

21

conduct allegedly engaged in by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts, omissions, or conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants or any deceptive or manipulative conduct allegedly engaged in by Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have purchased Co-Diagnostics shares as they did, even with full knowledge of the facts Plaintiff, and the class that Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants and/or the conduct they have alleged was deceptive or manipulative.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff's alleged injuries or the injuries of the class that Plaintiff purports to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants or any conduct alleged to have been deceptive or manipulative.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because they cannot show transaction or loss causation.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations, omissions, or conduct are responsible for any decline in Co-Diagnostics' share value alleged to form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiff purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misrepresentations, omissions, or conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the class that Plaintiff purports to represent, sold their Co-Diagnostics shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Co-Diagnostics shares.

24

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Co-Diagnostics shares.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts, omissions, and/or conduct complained of.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that form the basis of the alleged material misrepresentations, omissions, and/or conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the alleged material misrepresentations or omissions and/or allegedly deceptive and manipulative conduct were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the class that Plaintiff purports to represent, of Co-Diagnostics shares.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions

25

or allegedly deceptive or manipulative conduct would not have been material to a reasonable investor.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the class it purports to represent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have an adequate remedy at law.

26

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act of 1995, the common law, or any other applicable statute, rule, or regulation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, and the class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### THIRTIETH AFFIRMATIVE DEFENSE

Some of the alleged misrepresentations described in the Complaint are predictions, expressions of opinion, puffery, or "forward-looking statements" that cannot be the basis for

27

liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act) and/or Section 21E of the Exchange Act and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and/or the bespeaks caution doctrine.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of some or all of the Plaintiff's putative class are barred based on the doctrine of assumption of risk.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omission or that any alleged conduct was deceptive or manipulative.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a materially false or misleading statement, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) and Rule 10b–5(a) or (c) (17 C.F.R. § 240.10b–5(a) and (c)): (1) the defendant committed a deceptive or manipulative act in furtherance of the alleged scheme, (2) scienter, (3) a connection between the alleged deceptive or manipulative act and the purchase or sale of a security, (4) reliance upon the alleged deceptive or manipulative act, (5) economic loss, and (6) loss causation.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3)  actual

29

participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part based on the truth and sufficiency of all statements and/or the non-fraudulent nature of the allegedly deceptive and manipulative conduct upon which the asserted claims are based.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations, omissions, or allegedly deceptive or manipulative conduct.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that they are based on alleged statements and/or conduct that are not attributable to Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong inference of

scienter as required by the Private Securities Litigation Reform Act of 1995, and Plaintiff's inability to prove any such facts, with regard to each Defendant and as to each alleged misrepresentation or omission or allegedly deceptive or manipulative act.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants (i) did not employ any device, scheme, or artifice to defraud, (ii) did not make untrue statements of material facts or omit to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, and (iii) did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misrepresentations or omissions were made, and/or the time when the allegedly deceptive or manipulative conduct occurred, and the time the purported "truth" was revealed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part based on the "truth-on-the-market" doctrine because any alleged information at issue was credibly made available to the market by other sources.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the market for Co-Diagnostics' common stock was not efficient.

31

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because there was no price impact to Co-Diagnostics' publicly traded common stock resulting from any alleged misrepresentation or omission or allegedly deceptive or manipulative conduct.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to prosecute its Section 10(b) and Section 20(a) claims under the Exchange Act.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by their own actions, omissions, and/or negligence.

### FIFTIETH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that any Defendants violated 17 C.F.R. § 229.303  (Item 303 of Regulation S-K) which requires, among other things, companies to "[d]escribe any known trends or uncertainties that have had or that are reasonably likely to have a material favorable or unfavorable impact on net sales or revenues."

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Complaint, through discovery or through further legal analysis of Plaintiff's position in this litigation.

Dated: February 20, 2024                    Respectfully submitted,

                                            **BAKER & HOSTETLER LLP**

                                            By:    */s/ Douglas W. Greene*
                                                   Douglas W. Greene (*pro hac vice*)
                                                   dgreene@bakerlaw.com
                                                   Genevieve G. York-Erwin
                                                   gyorkerwin@bakerlaw.com
                                                   Zachary R. Taylor
                                                   ztaylor@bakerlaw.com
                                                   45 Rockefeller Plaza
                                                   New York, NY 10111
                                                   Telephone: 212.589.4200

                                                   *Attorneys for Defendants*

33