

Jason A. Uris
Kaplan Fox & Kilsheimer LLP
800 Third Avenue
38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: juris@kaplanfox.com

April 19, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
500 Pearl Street, Courtroom 15A
New York, NY 10007

 **Re:** *Stadium Capital LLC v. Co-Diagnostics, Inc. et al., Case No. 22-cv-6978-AS (S.D.N.Y.)*

Dear Judge Subramanian:

 We write on behalf of Lead Plaintiff Stadium Capital LLC in response to defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian Brown's ("Defendants") letter submitting to the Court the U.S. Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners*, L. P., No. 22-1165, 2024 WL 1588706 (U.S. Apr. 12, 2024). ECF No. 51 (the "Letter"). Defendants' Letter requests "that the Court dismiss Plaintiff's Section 10(b) claim to the extent it is based on an alleged Item 303 violation." Letter at 2.

 By their own admission, the *Macquarie* decision is not applicable to this case. As Defendants concede, the *Macquarie* decision "confirmed that Rule 10b–5(b) does not proscribe ***pure omissions***; rather, under a plain reading of Rule 10b–5(b), the Rule requires identifying affirmative assertions (i.e., 'statements made') before determining if other facts are needed to make those statements 'not misleading.'" Letter at 2 (internal quotations and citation omitted); *see also Macquarie*, 2024 WL 1588706, at \*4 ("A pure omission occurs when a speaker says ***nothing*** . . . .") (emphasis added). But Defendants fail to mention that the Amended Complaint *does* identify an affirmative statement that was made misleading by Defendants' failure to disclose information required by Item 303. *See* ECF No. 31, ¶49.

 As set forth in the Amended Complaint, statements in the Q1 2022 10-Q regarding Co-Diagnostics' Q1 2022 revenues (*see* ¶49) were misleading because, in violation of Item 303, they failed to disclose information "on material events and uncertainties known to management that are reasonably likely to cause reported financial information not to be necessarily indicative of future operating results or of future financial condition." ¶50. To that end, Item 303 required Defendants to "[d]escribe any known trends or uncertainties that have had or that are reasonably likely to have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." *Id.* As Defendants further concede, "the failure to disclose information required by

April 19, 2024
Honorable Arun Subramanian
Page 2

Item 303 can support a Rule 10b-5(b) claim [if] the omission renders affirmative statements made misleading." Letter at 2 (citing *Macquarie*, 2024 WL 1588706, at \*5). That is exactly the case here. *See Macquarie*, 2024 WL 1588706, at \*5 ("private parties remain free to bring claims based on Item 303 violations that create misleading half-truths.").

      As such, the *Macquarie* decision has no impact on this case and Defendants' request should be rejected.

Respectfully submitted,

/s/ Jason A. Uris

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Lead Counsel for Lead Plaintiff and the Proposed Class*

*NEW YORK, NY*        *LOS ANGELES, CA*        *OAKLAND, CA*

*MORRISTOWN, NJ*        *CHICAGO, IL*