

Jason A. Uris
Kaplan Fox & Kilsheimer LLP
800 Third Avenue
38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: juris@kaplanfox.com

August 26, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
500 Pearl Street, Courtroom 15A
New York, NY 10007

    **Re:**   *Stadium Capital LLC v. Co-Diagnostics, Inc. et al., Case No. 22-cv-6978-AS (S.D.N.Y.)*

Dear Judge Subramanian:

We write on behalf of Lead Plaintiff ("Plaintiff") pursuant to Your Honor's Individual Practice Rules and Local Civil Rule 37.2, to compel the production of certain documents from non-party Lambert Global, LLC ("Lambert"). Lambert was retained in March 2021 by Defendants to provide investor relations and consulting services and continued to work with Defendants through the end of the Class Period and consulted on Defendants' public statements and press releases, including the alleged misstatements that were upheld by the Court's February 5, 2024 Order (ECF No. 42).

On April 25, 2024, Plaintiff served Lambert with a subpoena for the production of documents, which is attached hereto as Exhibit A. On May 16, 2024, Mike Houston, President of Lambert, sent counsel for Plaintiff an email which Mr. Houston stated "serves a an objection to the subpoena . . . ." and made four general objections to the requests, a copy of which is attached hereto as Exhibit B. In response, on June 12, counsel for Plaintiff emailed Mr. Houston to respond to each of Lambert's objections and inviting a phone a phone call to discuss ways in which any undue burden in responding to the requests can be minimized, including narrowing or clarifying certain of the requests if necessary. *See* Ex. B. In that email, Plaintiff's counsel specifically stated that Plaintiff was willing, for the time being, to hold off on seeking emails that were sent directly to or from Co-Diagnostics employees. *Id.*

Despite following up with Mr. Houston on June 26, July 8, and July 24[1], Mr. Houston did not respond until July 25, 2024 stating only: "I just returned from China and need to catch up on

---

[1] Plaintiff's counsel also called Mr. Houston's cell phone on July 19, 2024, and left a voicemail reiterating a desire to attempt to resolve any of Lambert's objections and asked for a call back. *See* Ex. B, Uris July 24 e-mail to Houston. Mr. Houston did not provide a callback or suggest another time to speak on the phone.

your requests.  Please allow me time to discuss this on our end."  *See* Ex. B.  After Plaintiff's counsel followed up with Mr. Houston on August 6 and August 13, Mr. Houston responded on August 15, 2024 to state that Lambert was retained on March 8, 2021 to provide investor relations and consulting services to Defendants, and "[i]f you seek additional information regarding our engagement with Co-Diagnostics, our counsel has advised us that this information should be obtained from Co-Diagnostics, a party to our work together and the Defendants in this case."  *See* Ex. B.

Plaintiff's counsel responded the following day on August 16, 2024 to reiterate that on June 12, 2024 Plaintiff had already stated a willingness to agree to hold off, for the time being, on seeking emails that were sent directly to or from Co-Diagnostics employees, and as such, would only be seeking documents and communications that are *not* likely to be in the possession of Co-Diagnostics.  *See* Ex. B.  Plaintiff's counsel again stated a willingness to discuss the requests on the phone, and reiterated its intention to proceed with a motion to compel if Lambert did not intend to substantively engage regarding Plaintiff's document requests.  On August 16, 2024, Mr. Houston confirmed that "[Lambert's] position remains unchanged, and all other requests should be directed to the Defendants."  *See* Ex. B.

Despite Plaintiff's attempts to resolve each of Lambert's objections, Lambert has been almost completely unresponsive.  In response to Plaintiff's counsel's numerous emails attempting to engage with Lambert on its objections, as set forth in Mr. Houston's August 15, 2024 email, Lambert appears to only be standing its objection that that all of the documents Plaintiff seeks can be obtained from Defendants.

Accordingly, Plaintiff respectfully requests that the Court compel Lambert to produce documents, <u>other than emails that were sent directly to or from Co-Diagnostics employees</u>, that are responsive to Plaintiff's document requests.

Respectfully submitted,

<u>/s/ Jason A. Uris</u>

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Lead Counsel for Lead Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Jason A. Uris, hereby certify that, on August 26, 2024, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

On August 26, 2024, I also caused a copy of the foregoing to be served via e-mail upon Lambert's President, Mike Houston.  Additionally, a paper copy of the foregoing will be served upon Lambert's registered agent and a separate Affidavit of Service will be filed with the Court once such service has been effectuated.

*/s/ Jason A. Uris*
Jason A. Uris

1