# EXHIBIT B

## Jason A. Uris

| | |
|---|---|
| **From:** | Mike Houston <mhouston@lambert.com> |
| **Sent:** | Friday, August 16, 2024 9:14 AM |
| **To:** | Jason A. Uris |
| **Cc:** | Jeff Lambert; Chang Hahn |
| **Subject:** | RE: [External] Lambert Objections |

Hi Jason,

That is correct. Our position remains unchanged, and all other requests should be directed to the Defendants.

Thanks,
Mike

**Mike Houston,** President

He/Him/His

**Lambert**

**O:** 212.971.9718 **M:** 646.475.2998

**From:** Jason A. Uris <juris@kaplanfox.com>
**Sent:** Friday, August 16, 2024 8:58 AM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: [External] Lambert Objections

Mike,

As I mentioned over two months ago on June 12, we have already stated a willingness to agree to hold off, for the time being, on seeking emails that were sent directly to or from Co-Diagnostics employees. As such, we would only be seeking documents and communications that are *not* likely to be in the possession of Co-Diagnostics.

Please confirm by no later than Monday, August 19 that your position remains unchanged and that all other requests should be directed to the Defendants. I am available to discuss if you believe it would be helpful. Otherwise, we will be proceeding with a motion to compel.

Thanks,
Jason

**From:** Mike Houston <mhouston@lambert.com>
**Sent:** Thursday, August 15, 2024 11:15 PM
**To:** Jason A. Uris <juris@kaplanfox.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: [External] Lambert Objections

Hi Jason,

Regarding your inquiries, the following are our responses. If you seek additional information regarding our engagement

1

with Co-Diagnostics, our counsel has advised us that this information should be obtained from Co-Diagnostics, a party to our work together and the Defendants in this case.

1. On what date were you and/or Lambert retained by any of the Defendants?
   We were retained on March 8, 2021
2. For what purpose(s) were you and/or Lambert retained by any of the Defendants?
   Investor relations and consulting services.
3. What services did you and/or Lambert provide to any of the Defendants?
   Investor relations and consulting services.
4. The specific requests, or portions of the requests, that you believe are vague or overbroad.
   All other requests should be directed to the Defendants.

Thanks,
Mike

**Mike Houston,** President

He/Him/His

**Lambert**

**O:** 212.971.9718 **M:** 646.475.2998

**From:** Jason A. Uris <juris@kaplanfox.com>
**Sent:** Tuesday, August 13, 2024 10:12 AM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: [External] Lambert Objections

Mike, just following up one final time on this as my attempts to engage in a substantive conversation regarding the requests do not seem to be going anywhere and, as I have tried to make clear, we need to move this forward in a timely manner. Please provide a substantive response to my previous emails by Friday, August 16, otherwise we will proceed with a motion to compel.

Thanks,
Jason

**From:** Jason A. Uris
**Sent:** Tuesday, August 6, 2024 9:35 AM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: [External] Lambert Objections

Mike, please let me know a date by which we can expect a substantive to my previous emails as it has now been approximately 3.5 months since our requests were served and our deadlines are quickly approaching.

Thanks,
Jason

**From:** Mike Houston <mhouston@lambert.com>
**Sent:** Thursday, July 25, 2024 8:27 AM

**To:** Jason A. Uris <juris@kaplanfox.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: [External] Lambert Objections

Hi Jason,
I just returned from China and need to catch up on your requests. Please allow me time to discuss this on our end.

Thanks,
Mike

**Mike Houston,** President
He/Him/His
**Lambert**
**O:** 212.971.9718 **M:** 646.475.2998

**From:** Jason A. Uris <juris@kaplanfox.com>
**Sent:** Wednesday, July 24, 2024 4:15 PM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: Lambert Objections

Mike,

I left you a voicemail on your cell last Friday in one last attempt to resolve any of your objections. Although we believe it is clear that Lambert does in fact maintain an office in NYC (and also appears to employ numerous persons in the NYC metropolitan area), to the extent it would resolve your objection to the current place of compliance in New York, New York, we would be happy to change the place of compliance to a location close to your office in Grand Rapids. Please let me know by Friday, July 26 if this would resolve your objection. Otherwise, we will proceed with a motion to compel.

Regards,
Jason

**From:** Jason A. Uris
**Sent:** Monday, July 8, 2024 11:10 AM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: Lambert Objections

Mike,

I am following up on my previous June 12 and 26 emails, which to date you have not responded to. I am again reiterating my request that you let us know which specific requests you believe are overbroad, unclear, or unduly burdensome (and why) and to let me know when you are available to discuss so that we can work towards resolving any of your objections. As I mentioned nearly a month ago, we have a tight schedule in this case and therefore need to be diligent in pursuing discovery so that we have sufficient time to bring any disputes to the Court for resolution. If I do not hear from you by July 12 I will take that to mean that you do not intend to further engage regarding the document requests, and we will be forced to file with the Court a motion to compel your compliance with the Subpoena.

3

Regards,
Jason

---

**From:** Jason A. Uris
**Sent:** Wednesday, June 26, 2024 2:10 PM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: Lambert Objections

Mike,

Following up on my June 12 email.  Please let us know when we can expect a substantive response.

Thanks,
Jason

---

**From:** Jason A. Uris
**Sent:** Wednesday, June 12, 2024 4:01 PM
**To:** Mike Houston <mhouston@lambert.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>; Chang Hahn <CHahn@kaplanfox.com>
**Subject:** RE: Lambert Objections

Mike,

I'd be happy to jump on a call to discuss ways in which any undue burden in responding to the requests can be minimized, including narrowing or clarifying certain of the requests if necessary.  To that end, it would be very helpful if you could provide details to help us better understand the exact nature of the Lambert/Co-Diagnostics relationship, which in turn would help us understand the areas in which the requests may be overbroad as written.  Below are a few preliminary details that would help:

1. On what date were you and/or Lambert retained by any of the Defendants?
2. For what purpose(s) were you and/or Lambert retained by any of the Defendants?
3. What services did you and/or Lambert provide to any of the Defendants?
4. The specific requests, or portions of the requests, that you believe are vague or overbroad.

We have a relatively tight schedule in this case and therefore do not have the luxury of fully bifurcating party and nonparty discovery.  For example, our class certification motion is due July 26, 2024, and all fact depositions must be completed by November 15, 2024.  Given these deadlines, we need to be diligent in ensuring that we are able to obtain the information we need as efficiently as possible and with sufficient time to bring any disputes to the Court for resolution.

That said, we are happy to explore areas that you believe overlap with documents likely to be produced by Defendants, and potentially hold those portions of the requests in abeyance for the time being.  For example, we can likely agree to hold off on seeking emails that were sent directly to or from Co-Diagnostics employees. However, it may become necessary to pursue such documents at a later date in order to test the accuracy and completeness of Defendants' document productions.

Regarding your concern that the Requests seek the production of "private and protected business and financial information", a Protective Order has already been entered in this case (which I've attached to this email), so that should not be an issue.

4

Additionally, your email states that "Lambert has no locations in . . . New York", however Lambert's website specifically lists "NYC, New York, NY" as one of its locations, your signature block lists "NYC" as a location, and also specifically lists "New York" above all other locations.  Regardless of whether Lambert "regularly conducts business *in person* in New York", Lambert's presence in, or contact with, New York appears clear.  In any event, in litigations such as this, document productions are typically made digitally via a secure FTP link or similar fileshare, so the location for compliance should not be an issue.

I do think it would be helpful for us to discuss these issues up front so that we can confer on the requests to explore ways in which we can get the information we need in the most efficient way.


Regards,
Jason


**Jason A. Uris**



800 Third Avenue, 38th Floor
New York, New York 10022
Telephone: (212) 687-1980

---

**From:** Mike Houston <mhouston@lambert.com>
**Sent:** Thursday, May 16, 2024 11:16 AM
**To:** Jason A. Uris <juris@kaplanfox.com>
**Cc:** Jeff Lambert <jlambert@lambert.com>
**Subject:** [External] Lambert Objections

Counsel:
The email serves as an objection to the subpoena to Lambert Global, LLC, dated April 24, 20024, regarding the Stadium Capital vs. Co-Diagnostics case.

As an initial matter, the subpoena improperly commands Lambert to produce documents to you in New York, New York. Lambert has no locations in and does not regularly conduct business in person in New York.

Regardless, responding to Plaintiff's requests imposes an unnecessary burden on Lambert because all the documents Plaintiff seeks can be obtained from Co-Diagnostics directly if those documents are relevant to the litigation. Lambert isn't a party and isn't able to determine what is relevant. Lambert's compliance would be extremely time consuming and impose unnecessary costs.

Most of the requests are also vague, making it difficult to understand what information is requested. Further, the subpoena seeks private and protected business and financial information, which Lambert does not have authority to disclose.

Finally, Lambert does not have a legal department equipped to search for and review documents spanning the time period covered by the subpoena. And even if it did (which it does not), the deadline to respond to such broad requests is unreasonable and would be very burdensome.

Please let me know if we need to discuss this matter further.

Thanks,
Mike

**Mike Houston**
He/Him/His
President

Office: 212.971.9718
Mobile: 646.475.2998

**www.lambert.com**



New York

DET · PHX · NYC · GR · STL
PROI Worldwide Partner

6