**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated, |
| Plaintiff, |
| v. |
| CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN, |
| Defendants. |

Case No.: 1:22-cv-06978-AS

**DEFENDANTS' NOTICE OF NON-OPPOSITION**
**AND RESERVATION OF RIGHTS IN RESPONSE TO**
**PLAINTIFF'S MOTION TO CERTIFY THE CLASS, APPOINT CLASS**
**REPRESENTATIVE, AND APPOINT CLASS COUNSEL**

Defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown ("Defendants") hereby submit this Notice of Non-Opposition and Reservation of Rights in Response to Lead Plaintiff's Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel ("Motion for Class Certification"). ECF Nos. 56-57.

Defendants submit this Notice of Non-Opposition and Reservation of Rights to inform the Court that while they do not oppose the Motion for Class Certification, in light of the factual record developed to date, they specifically reserve all rights and remedies, including, but not limited to, their rights (1) to take further discovery from Lead Plaintiff relevant to class certification (much of which has not yet occurred due to Lead Plaintiff's delay); (2) to later move pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) to decertify the putative class or any portion thereof, or to alter or amend the class period, for failure to satisfy any of the elements necessary to maintain this

action as a class action under Federal Rule of Civil Procedure 23; or (3) to challenge at summary judgment certain arguments raised in the Motion for Class Certification that also bear on the merits of Lead Plaintiff's claims. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 279-280 (2014) (defendants may offer evidence to rebut the *Basic* presumption of reliance at class certification and/or the merits stage); *Mazzei v. Money Store*, 829 F.3d 260, 267 n.7 (2d Cir. 2016) ("Under Rule 23(c)(1), courts are 'required to reassess their class rulings as the case develops.'") (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999)); *Wu v. Pearson Educ. Inc.*, 2012 WL 6681701 (S.D.N.Y. Dec. 21, 2012) (decertifying class where additional development of the record demonstrated lack of typicality, commonality, and predominance).

***Additional Fact Discovery May Warrant Decertification.*** On April 5, 2024, Defendants requested that Lead Plaintiff produce various materials that are relevant and crucial for Defendants, and the Court, to assess Lead Plaintiff's adequacy to serve as class representative and whether Lead Plaintiff's claims satisfy the typicality requirement necessary to maintain this action as a class action. Despite repeated follow up from Defendants, Lead Plaintiff to date has made just two productions—on August 19, 2024 and August 26, 2024, respectively—consisting of a total of five documents, one of which is a duplicate. Accordingly, and despite engaging in a lengthy meet-and-confer process related to Defendants' discovery requests, Defendants have serious concerns regarding the sufficiency of Lead Plaintiff's production and intend to seek from Lead Plaintiff additional documents relevant to its adequacy to serve as class representative and whether its claims are typical of those of other class members.

On August 2, 2024, Defendants also noticed the deposition of Lead Plaintiff. The parties, however, have been unable to identify a date for deposition on which all parties are available. Once Plaintiff has complied with Defendant's discovery requests (which Defendants now believe will

likely require motion practice), Defendants intend to depose Lead Plaintiff's representative to determine its adequacy to serve as class representative and whether its claims are typical of those of other class members.[1]

This forthcoming additional discovery—both documentary and testimonial—may demonstrate the inadequacy of Lead Plaintiff as a class representative and/or that its claims are not typical of the class and necessitate decertification of the class. *See, e.g.*, *Scott v. New York City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 355 (S.D.N.Y. 2004) (explaining that "[a] class representative's claims are not typical if they are 'subject to unique defenses which threaten to become the focus of the litigation'" and denying class certification on the grounds of inadequacy of the proposed class representative and lack of typicality); *Monaco v. Hogan*, 2016 WL 1322431 (E.D.N.Y. Mar. 31, 2016) (decertifying two classes because court determined, based on additional factual development, that plaintiffs were not adequate representatives, after years of litigation); *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-CV-6296-FPG, 2022 WL 1210484, at *5 (W.D.N.Y. Apr. 25, 2022) (decertifying class because "the evidence now before the Court paints a different picture"); *Johnson v. Yahoo! Inc.*, No. 14-CV-2028, 2018 WL 835339, at *3 (N.D. Ill. Feb. 13, 2018) (decertifying class when subsequent production of documents "gave defendants the missing evidentiary foundation" for contesting certification).

***Defendants May Challenge at Summary Judgment Certain Arguments Asserted in the Motion for Class Certification.*** In addition, Defendants specifically reserve all rights to challenge on summary judgment arguments and theories that Lead Plaintiff has raised in the Motion for Class Certification and that also bear on the merits of its claims. For example, Lead Plaintiff asserts in

---

[1] Plaintiff's scant document production and Defendants' inability to depose Lead Plaintiff in a timely manner was one reason Defendants agreed to the parties' Joint Request to Amend Case Schedule, filed August 30, 2024. ECF No. 66.

its Motion for Class Certification that it is entitled to a presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). ECF No. 57 at 11-17. This issue is pertinent not only to class certification, but also to whether Lead Plaintiff can carry its ultimate burden of proof with respect to the Section 10(b) element of reliance. Notwithstanding this Notice of Non-Opposition and Reservation of Rights, Defendants reserve all rights to challenge whether Lead Plaintiff is entitled to the presumption of reliance (or to rebut that presumption) at summary judgment, and/or to seek decertification of the class at a later date on this basis. *See Halliburton*, 573 U.S. at 279-280 (defendants may offer evidence to rebut the *Basic* presumption at class certification and/or the merits stage).

Likewise, Lead Plaintiff asserts that its "damages methodology is consistent with its theory of liability and is capable of measuring damages on a classwide basis." ECF No. 57 at 17-18. However, Lead Plaintiff's expert Chad Coffman, who was retained to opine on whether damages in this case may be measured on a classwide basis, concedes that he was not "asked to calculate class-wide damages . . . and such calculations would likely depend, in part, on the completion of discovery and full development of the case record." ECF No. 58-1 at 39. Defendants reserve the right to challenge damages at summary judgment and/or to seek to decertify the class for failure to establish that damages can be measured on a classwide basis. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 36 (2013) (damages must be capable of measurement on a classwide basis to establish predominance for purposes of maintaining class certification).

Finally, Lead Plaintiff's Memorandum of Law (ECF No. 57) in support of the Motion for Class Certification begins with a "Summary of the Alleged Fraud" that purports to summarize the allegations asserted in Plaintiff's Consolidated Amended Complaint (ECF No. 31). Notwithstanding this Notice of Non-Opposition and Reservation of Rights, Defendants dispute

those allegations, and the record in this case does not support them. Defendants will demonstrate the baselessness of Lead Plaintiff's claims at summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants file this Notice of Non-Opposition and Reservation of Rights at this time, but expressly reserve all rights and remedies available to them, including those identified above.


Dated: September 6, 2024                    Respectfully submitted,


                                            **BAKER & HOSTETLER LLP**


                                            By:    */s/ Douglas W. Greene*_____
                                                   Douglas W. Greene (*pro hac vice*)
                                                   dgreene@bakerlaw.com
                                                   Genevieve G. York-Erwin
                                                   gyorkerwin@bakerlaw.com
                                                   Zachary R. Taylor
                                                   ztaylor@bakerlaw.com
                                                   45 Rockefeller Plaza
                                                   New York, NY 10111
                                                   Telephone: 212.589.4200

                                            *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 6, 2024, I served a copy of the foregoing NOTICE OF NON-OPPOSITION AND RESERVATION OF RIGHTS IN RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY THE CLASS, APPOINT CLASS REPRESENTATIVE, AND APPOINT CLASS COUNSEL via ECF on the following persons:

Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
E-mail: ffox@kaplanfox.com
E-mail: dhall@kaplanfox.com
E-mail: juris@kaplanfox.com

*Lead Counsel for Lead Plaintiff*

/s/ *Douglas W. Greene*
Douglas W. Greene