**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO CERTIFY THE CLASS, APPOINT CLASS REPRESENTATIVE, AND APPOINT CLASS COUNSEL**

Lead Plaintiff Stadium Capital LLC ("Plaintiff") respectfully submits this reply in further support of its motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, requesting that the Court: (1) certify the Class; (2) appoint Plaintiff as Class Representative; and (3) appoint Kaplan Fox & Kilsheimer LLP as Class Counsel, filed July 26, 2024.  ECF Nos. 56-59 (the "Motion").  The Motion was supported by the Expert Report of Chad Coffman, CFA, dated July 26, 2024.  ECF No. 58-1.  Defendants had six weeks to consider the Motion and supporting expert report and decided not to file a response in opposition.  *See* ECF No. 68.  Although Plaintiff's Motion is unopposed, Plaintiff submits this reply in order to address factual inaccuracies in Defendants' Notice of Non-Opposition and set the record straight.  *Id*.

Throughout Defendants' Notice of Non-Opposition, they seek to place blame on Plaintiff for their own failure to seek discovery in a timely manner.  As Defendants note, they served document requests on Lead Plaintiff on April 5, 2024.  By agreement of the parties Plaintiff served its responses and objections to Defendants' document requests on May 20, 2024.  Defendants then waited three and a half weeks before emailing Plaintiff's counsel on June 13, 2024 requesting to meet and confer on Plaintiff's responses and objections the following week.  The parties met and conferred on June 24, 2024.  Defendants then waited another three weeks before sending a 10-page single-spaced letter on July 15, 2024 memorializing the meet and confer and setting forth Defendants' positions.  Plaintiff sent a response letter on July 31, 2024.  Defendants responded on August 13, 2024 via email to set forth "Defendants' positions on any remaining outstanding issues" which concerned seven categories of document requests or objections.  Plaintiff responded via email on August 16, 2024 either agreeing or compromising with Defendants on six of the seven "outstanding issues", while standing on its objections with respect to one category of documents for which Defendants failed to adequately explain the relevance to this case.  Plaintiff then made

document productions on August 19 and 26, 2024, substantially completing its production in response to Defendants' document requests. Contrary to Defendants' suggestion, Plaintiff has "complied with Defendants' discovery requests" (ECF No. 68 at 2) and has searched for and produced all documents that it agreed to.

As Defendants also note, on August 2, 2024 they noticed the deposition of Plaintiff. ECF No. 68 at 2. What Defendants omit is that the deposition was noticed for August 16, 2024 (just two weeks later) and that Plaintiff's counsel responded the very next business day, August 5, 2024, to state that the date did not work on our end and offered September 5, 2024 as a potential date on which the deposition could occur in person in New York. Defendants' counsel never responded to that email or requested Plaintiff's availability to sit for a remote deposition, but instead sent Plaintiff's counsel an email on August 23, 2024 asking for a call on August 26, 2024 to discuss the case schedule, including setting a date for Plaintiff's deposition. By that time, the September 5, 2024 date was no longer available.

Whether Defendants intend to seek additional documentary discovery through motion practice is their prerogative. However, Plaintiff has made its positions clear throughout the meet and confer process, and Defendants cannot blame Plaintiff for their own failure to seek discovery in a timely manner.

Dated: September 9, 2024

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jason A. Uris*
Frederic S. Fox
Donald R. Hall
Jason A. Uris
Chang Hahn
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*ffox@kaplanfox.com*

2

*dhall@kaplanfox.com*
*juris@kaplanfox.com*
*chahn@kaplanfox.com*

*Lead Counsel for Lead Plaintiff and the
Proposed Class*

**CERTIFICATE OF SERVICE**

I, Jason A. Uris, hereby certify that, on September 9, 2024, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM/ECF system which will send electronic notices of the filing to all counsel of record.

/s/ Jason A. Uris
Jason A. Uris

4