

Jason A. Uris
Kaplan Fox & Kilsheimer LLP
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Fax: 212.687.7714
Email: juris@kaplanfox.com

March 17, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:  *Stadium Capital LLC v. Co-Diagnostics, Inc. et al.*, Case No. 22-cv-6978-AS (S.D.N.Y.)**

Dear Judge Subramanian:

We write on behalf of Lead Plaintiff to respectfully submit the accompanying [Proposed] Order Approving Dissemination of Class Notice (the "Notice Order").  Lead Plaintiff has conferred with defendants regarding the dissemination of notice of the pendency of this class action to members of the Class and defendants take no position on the motion and the form of the accompanying proposed Notice Order.

Under Rule 23(c)(2)(B), the Court must direct notice to potential Class Members of the pendency of the class action and inform them of their right to request exclusion from the Class. The method for sending notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id*. "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).  The proposed Notice of Pendency of Class Action (the "Notice"), attached to the Notice Order as Exhibit 1, provides all of the information required by Rule 23(c)(2)(B).

Lead Plaintiff proposes that RG/2 Claims Administration LLC ("RG/2") administer the notice process and process any requests for exclusions.  RG/2 is an experienced notice and claims administrator and was selected based primarily on its having submitted the most competitive bid in response to Class Counsel's request for proposals for notice administration services in this matter.

*NEW YORK, NY*                    *LOS ANGELES, CA*                    *OAKLAND, CA*

*MORRISTOWN, NJ*                    *CHICAGO, IL*



With regard to dissemination of notice, Lead Plaintiff proposes a three-prong approach including mailing of a postcard notice, publication of a summary notice in certain news outlets, and publication of the full Notice on a dedicated website, which will be identified in the other notices. Specifically, Lead Plaintiff would have RG/2 mail the Postcard Notice, attached as Exhibit 3 to the Notice Order, by First Class mail, postage prepaid, to all Class members who can be identified through reasonable effort, including from the records of the stock transfer agent for Co-Diagnostics during the Class Period.  RG/2 would also mail the Postcard Notice to banks, brokerage firms, and other nominees that hold securities on behalf of beneficial owners and require those nominees to either provide RG/2 with the names and addresses of any such potential Class Members or to forward the Postcard Notice to these persons.  Additionally, RG/2 would publish the Summary Notice, attached as Exhibit 2 to the Notice Order, once in *Investor's Business Daily* and PR Newswire.  Finally, RG/2 would publish the full Notice on the website designated for this lawsuit, www.co-diagnosticssecuritieslitigation.com, which is identified in both the Postcard Notice and Summary Notice, from which Class Members may download copies of the Notice.

Courts routinely find that comparable notice programs, combining (1) mailing the Postcard Notice by first class mail to all class members who can reasonably be identified with (2) publication of the Summary Notice and (3) maintenance of a website designated for this lawsuit containing the Notice, meet all the requirements of Rule 23(c)(2)(B) and due process in securities class actions. *See, e.g.*, *In re Romeo Power Inc. Sec. Litig.*, No. 1:21-CV-03362-LGS, 2024 WL 5319115, at *3 (S.D.N.Y. Jan. 30, 2024) (approving notice program involving mailing of postcard notice, posting long form notice online, and the publication of summary notice one in *Investor's Business Daily* and transmitted once over PR Newswire); *Winter v. Stronghold Digital Mining, Inc.*, No. 1:22-CV-03088-RA, 2024 WL 5117411, at *3-4 (S.D.N.Y. Dec. 16, 2024) (similar); *Xu v. Gridsum Holding Inc.*, No. 1:18-CV-03655 (GHW), 2023 WL 12009954, at *3 (S.D.N.Y. Dec. 15, 2023) (similar).

Lead Plaintiff proposes that Postcard Notice be mailed, and Summary Notice published, within ten (10) days of entry of the proposed Notice Order.  Contemporaneously with the mailing of the Postcard Notice, the full Notice would be posted to the website designated for this lawsuit.

We are available at your convenience should the Court have any questions about the proposed Notice Order.

Respectfully submitted,

*/s/ Jason A. Uris*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714



ffox@kaplanfox.com
dhall@kaplanfox.com
juris@kaplanfox.com

*Lead Counsel for Lead Plaintiff and the Class*