# Exhibit 111

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated, |
| |
| Plaintiff, |
| |
| v. |
| |
| CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN, |
| |
| Defendants. |

Case No.: 1:22-cv-06978-AS

CLASS ACTION

**DEFENDANTS CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, AND BRIAN L. BROWN'S ANSWERS AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company"), Dwight H. Egan ("Egan"), and Brian L. Brown ("Brown") (collectively, the "Defendants"), by their undersigned counsel, hereby provide the following answers and objections to Lead Plaintiff's First Set of Interrogatories To Defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown, served on February 21, 2024 (the "Interrogatories," each a "Interrogatory") in the above-captioned action (the "Action").

**RESERVATION OF RIGHTS**

1.    Defendants' answers below are based on Defendants' investigation to date of those sources within their control and which are reasonably accessible and where Defendants reasonably believe responsive information may exist. Defendants reserve the right to amend, modify, or

supplement the answers with additional information that may become available or come to their attention, and to rely upon such information in any hearing, trial, or other proceeding in this litigation in accordance with the applicable Federal Rules of Civil Procedure or the Local Rules. By this reservation, Defendant does not, however, assume a continuing responsibility to update its answers beyond the requirements of the applicable Federal Rules of Civil Procedure or the Local Rules.

2.      Defendants' answers are supplied for use in this lawsuit and for no other purpose and are supplied subject to that limitation. Unless otherwise stated, Defendants answer the following Interrogatories according to its interpretation and definition of the terms and phrases used in the Interrogatories.

3.      Defendants' answers and objections are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information provided in Defendants' answer to these Interrogatories; (ii) the right to object on any ground to the use of the information provided in Defendants' answers to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further answers to the Interrogatories; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of Defendants' answers or objections contained herein.

4.      Defendants designate Defendants' answers as confidential pursuant to the Stipulated Protective Order, dated February 29, 2024, ECF 47, entered in this Action.

### GENERAL OBJECTIONS

Defendants assert the following general objections to the Interrogatories, including the definitions and instructions therein (the "General Objections," each a "General Objection"). Each

such General Objection is incorporated by reference in the specific answers and objections to each Interrogatory as if fully set forth therein, whether or not specifically referred to or incorporated in each Interrogatory. Any specific objections provided below are in addition to these General Objections, and a failure to restate a General Objection does not constitute a waiver or limitation of any General Objection.

1.      Defendants object to each Interrogatory to the extent that it exceeds the permissible limits for discovery permitted by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law.

2.      Defendants object to the "Definitions" and "Instructions" to the Interrogatories to the extent they alter, amend, add to, diminish, or otherwise differ from any definitions or instructions set forth in the Federal Rules of Civil Procedure or the Local Rules.

3.      Defendants object to each Interrogatory to the extent it purports to impose on them duties and/or obligations broader than or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules.

4.      Defendants object to each Interrogatory to the extent that it seeks information that is not relevant to the claims and defenses at issue in this Action, and not proportional to the needs of the case.

5.      Defendants object to each Interrogatory to the extent that it seeks information that is not in Plaintiff's possession, custody, or control, or which is publicly available, and thus equally available to Plaintiff through their own efforts.

6.      Defendants object to each Interrogatory to the extent that it is vague, ambiguous, and does not identify with particularity the information sought.

7.     Defendants object to each Interrogatory to the extent that it is overbroad and unduly burdensome in that it fails to specify with reasonable particularity the information sought.

8.     Defendants object to each Interrogatory to the extent that it seeks information protected from discovery pursuant to applicable privileges and statutory restrictions, including, but not limited to, the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, immunity, or statutory or contractual restriction on disclosures. The inadvertent disclosure of information protected by an applicable privilege, immunity, or other protection should not be construed as a waiver.

9.     Defendants object to each Interrogatory to the extent that it is repetitive, in whole or in part, of another Interrogatory.

10.     Defendants object to each Interrogatory to the extent that it calls for a legal conclusion.

11.     Defendants object to each Interrogatory to the extent that it is premature at this stage in the litigation or otherwise concerns information already sought in duplicative document requests, in response to which Defendants are producing responsive non-privileged documents, and/or which may be sought in forthcoming depositions and/or expert discovery. Defendants reserve the right to amend, modify, or supplement these answers with additional information that may become available or come to their attention, and to rely upon such information in any hearing, trial, or other proceeding in this litigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the Definitions and Instructions to the extent that they purport to broaden the obligations required by, or are otherwise inconsistent with the Federal Rules of Civil Procedure or the Local Rules, any other applicable rule or law, and/or any discovery

4

protocols agreed upon by the parties, including those set forth in the Stipulated Protective Order or any future agreement reached between the parties concerning discovery.

2. Defendants object to the Definitions to the extent they construe any term or word contrary to its plain and ordinary meaning. Defendants interpret all words and terms according to their plain and ordinary meaning.

3. Defendants object to the Definition of "Co-Diagnostics" on the grounds that it is overly broad and unduly burdensome, including all "predecessors, successors, subsidiaries, divisions, current or former Employees, current or former officers, current or former directors, agents (including, but not limited to, attorneys, accountants, or consultants), all joint ventures, limited or general partnerships, or other entities operated or controlled by Co-Diagnostics."

4. Defendants object to the Definition of "Communicate," "Communication," or "Communications" on the grounds that it is overly broad and unduly burdensome to the extent that the Definition purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 33, Local Rule 26.3(c)(1), or any other applicable rule or law.

5. Defendants object to the Definition of "COVID-19 Test Funding Programs" on the grounds that it is overbroad and unduly burdensome because it purports to impose requirements that are not relevant to the claims and defenses at issue in this Action, and not proportional to the needs of the case. Given the Court's April 19, 2024 order dismissing Plaintiff's Item 303 claim, alleging that Defendants are liable under § 10(b) of the Securities Exchange Act for failing to disclose in the Company's May 2022 10-Q that federal funding for COVID testing was not renewed in March 2022, Defendants further object on the grounds that the burden of searching for documents and information related to funding programs for COVID-19 tests far outweighs the probative value.

4879-3845-8540.8

6.       Defendants object to the Definition of "Relevant Time Period" on the grounds that it is overbroad and unduly burdensome because it seeks documents and information for a time period that is not proportional to the needs of the case and thus is unduly burdensome. Without waiving and subject to Defendants' objections, Defendants state that their answers to the Interrogatories are limited to the time period of January 1, 2021 through August 31, 2022, unless otherwise stated in response to a specific Interrogatory.

7.       Defendants object to the Definition of "You" or "Your" on the grounds that it is overly broad and unduly burdensome, including any "agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, or representative of any Defendant or other person(s) purporting to act on behalf of Defendants."

8.       Defendants object to Instruction No. 2 on the grounds that it is unduly burdensome and not proportional to the needs of the case to identify "all" information sought in each Interrogatory and to the extent that it purports to enlarge the scope of the Interrogatories to include information that are not within the Defendants' possession, custody, or control as those terms are defined in Federal Rule 33 and related case law interpreting the meaning of those terms.

9.       Defendants object to Instruction No. 3 to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

10.      Defendants object to Instruction No. 4 on the grounds that it is overly broad and unduly burdensome to the extent it purports requirements that are not inconsistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

11.      Defendants object to Instruction No. 5 on the grounds that is vague and ambiguous as to "exercising due diligence." Defendants further object to Instruction No. 5 on the grounds that

6

it is overly broad and unduly burdensome to the extent it purports requirements that are not consistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

12.    Defendants object to Instruction No. 6 on the grounds that it is overly broad and unduly burdensome because it seeks "good faith estimates" and to the extent it purports requirements that are not consistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

13.    Defendants object to Instruction No. 7 on the grounds that it is overly broad and unduly burdensome to the extent it purports requirements that are not consistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law. Defendants will not log any material created following Defendants' learning of this litigation, as logging such materials would be an incredible burden and disclose counsel's thought processes and litigation strategy.

14.    Defendants object to Instruction No. 8 on the grounds that it is overly broad and unduly burdensome to the extent it purports requirements that are not consistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

15.    Defendants object to Instruction No. 11 on the grounds that it is overly broad and unduly burdensome to the extent it purports requirements that are not consistent with, or beyond those contemplated by Federal Rule 26 or 33, the Local Rules, or any other applicable rule or law.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:  Identify your 10 largest customers (including distributors, retailers, or other Persons that facilitated sales of the Logix Smart™ COVID-19 detection test) by sales volume for each quarter during the Relevant Time Period.[1]**

7

**ANSWER:**

Defendants incorporate each of their General Objections into this Answer as if fully set forth herein. Defendants object to this Interrogatory because it purports to ask Defendants to marshal evidence that is more effectively obtained through deposition or documentary evidence and thus there are more practical discovery methods for obtaining the information sought. Defendants also object because this Interrogatory seeks information already sought in duplicative document requests, in response to which Defendants are producing responsive, non-privileged documents. Defendants further object to this Interrogatory on the grounds that it is overbroad because it not limited to customers who purchased the Logix Smart test. Defendants object to the extent this Interrogatory seeks information that is not relevant to any claims or defenses in this Action and is not proportional to the needs of the case.

Without waiving and subject to Defendants' objections, Defendants state that they are willing to meet and confer with Plaintiff to determine a reasonable interpretation of this Interrogatory that is proportional to the needs of the litigation. Defendants reserves the right to supplement this response with subsequently discovered documents and information and to introduce such documents and information at the time of trial.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving their other previously stated general and specific objections, Defendants state that the following customers are Co-Diagnostics ten highest-revenue generating customers for each quarter during the relevant time period:

**Q1 – 2021**
- Raver Aplicaciones S.A. de C.V
- Intelligent Solutions
- Nomi Health
- Genesis Reference Laboratories
- Clent Life Science Ltd.
- Clinical Reference Laboratory
- NTL Laboratory
- Biological Laboratory
- Arches Research, LLC
- Safeguard DNA Diagnostics Inc.

**Q2 -2021**
- Abdulla Fouad for Medical Supplies and Services
- Gentech Biosciences SAS
- Nomi Health
- Safeguard DNA Diagnostics Inc.
- Raver Aplicaciones S.A. de C.V
- MASKAF
- Genesis Reference Laboratories

- Biological Laboratory
- NTL Laboratory
- Syntec Scientific Ltd.

**Q3 – 2021**
- Nomi Health
- Abdulla Fouad for Medical Supplies and Services
- Intelligent Solutions
- Raver Aplicaciones S.A. de C.V
- Clent Life Science Ltd.
- NTL Laboratory
- Genesis Reference Laboratories
- PreCheck Health Services
- Chromlab International Inc.
- Biological Laboratory

**Q4 – 2021**
- Nomi Health
- Intelligent Solutions
- NTL Laboratory
- Clinical Reference Laboratory
- PreCheck Health Services
- Safeguard DNA Diagnostics Inc.
- Raver Aplicaciones S.A. de C.V
- Genesis Reference Laboratories
- Access Genetics
- Syntec Scientific Ltd.

**Q1 – 2022**
- Nomi Health
- Abdulla Fouad for Medical Supplies and Services
- Raver Aplicaciones S.A. de C.V
- Intelligent Solutions
- Clinical Reference Laboratory
- NTL Laboratory
- Genesis Reference Laboratories
- Biological Laboratory
- Syntec Scientific Ltd.
- Safeguard DNA Diagnostics Inc.

**Q2 – 2022**
- Nomi Health
- Genesis Reference Laboratories
- Abdulla Fouad for Medical Supplies and Services

4879-3845-8540.8

- NTL Laboratory
- Promus Diagnostics
- Clinical Reference Laboratory
- Biological Laboratory
- dNTP Labs
- Innovative GX
- Bayside Laboratories

**Q3 – 2022**
- Nomi Health
- Clinical Reference Laboratory
- Access Genetics
- NTL Laboratory
- dNTP Labs
- Bayside Laboratories
- Syntec Scientific Ltd.
- Innovative GX
- Genesis Reference Laboratories
- Biological Laboratory

**INTERROGATORY NO. 2: To the extent not Identified in response to the previous Interrogatory, for each Person so identified, Identify each of the primary points of contact during the Relevant Time Period for each customer, distributor, or retailer.**

**ANSWER:**

Defendants incorporate each of their General Objections into this Answer as if fully set forth herein. Defendants further object to this Interrogatory because it seeks information beyond that permitted under Local Rule 33.3. Defendants also object to this Interrogatory because there are more practical discovery methods for obtaining the information sought and because it seeks information already sought in duplicative document requests, in response to which Defendants are producing responsive, non-privileged documents. Defendants further object to this Interrogatory on the grounds that is vague and ambiguous to the extent it seeks information regarding "the primary points of contact . . . for each customer, distributor, or retailer." Defendants object to this Interrogatory to the extent it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and common law rights to personal privacy and confidentiality. Additionally, Defendants object to this Interrogatory on the grounds that it is overbroad because it is not limited to customers, distributors, or retailers who purchased the Logix Smart test. Finally, Defendants object to this Interrogatory to the extent it seeks information that is not relevant to any claims or defenses in this Action and is not proportional to the needs of the case.

Without waiving and subject to Defendants' objections, Defendants state that they are willing to meet and confer with Plaintiff to determine a reasonable interpretation of this Interrogatory that is proportional to the needs of the litigation. Defendants reserves the right to supplement this

10

response with subsequently discovered documents and information and to introduce such documents and information at the time of trial.

**SUPPLEMENTAL ANSWER:**

Defendants incorporate their objections to this Interrogatory as outlined in their Answers to Lead Plaintiff's First Set of Interrogatories. Importantly, information regarding and communication between Co-Diagnostics and its customers is discovery that Plaintiff should seek from Co-Diagnostics before unnecessarily burdening any third party. It is premature for Plaintiff to burden Co-Diagnostics' customers with third-party subpoenas at this early stage of discovery. If Plaintiff stills believes it needs the information requested after reviewing the documents produced by Defendants, Defendants are willing to meet and confer again in an effort to reach a resolution.

**INTERROGATORY NO. 3: Identify all Co-Diagnostics Employees or Directors that Communicated with any of the Persons identified in response to the preceding Interrogatories concerning the sale (or potential sale) of the Logix Smart™ COVID-19 detection test.**

**ANSWER:**

Defendants incorporate each of their General Objections into this Answer as if fully set forth herein. Defendants further object to this Interrogatory because it seeks information beyond that permitted under Local Rule 33.3. Defendants also object to this Interrogatory because there are more practical discovery methods for obtaining the information sought and because it seeks information already sought in duplicative document requests, in response to which Defendants are producing responsive, non-privileged documents. Additionally, Defendants object to this Interrogatory on the grounds that is vague and ambiguous with respect to the phrases "concerning the sale" or "potential sale" of the Logix Smart test. Defendants further object to this Interrogatory on the grounds that it is overbroad and unduly burdensome, calling for the identification of "all" employees or directors that communicated with any persons in the preceding interrogatories concerning the sale or potential sale of the Logix Smart test. Defendants also object to this Interrogatory to the extent it seeks information that is not relevant to any claims or defenses in this Action and is not proportional to the needs of the case.

Without waiving and subject to Defendants' objections, Defendants state that they are willing to meet and confer with Plaintiff to determine a reasonable interpretation of this Interrogatory that is proportional to the needs of the litigation. Defendants reserves the right to supplement this response with subsequently discovered documents and information and to introduce such documents and information at the time of trial.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving their other previously stated general and specific objections, Defendants state the following Co-Diagnostics' employees are the primary contacts for the Co-Diagnostics' customers identified above:

- Nomi Health: Seth Egan

4879-3845-8540.8

- Abdulla Fouad for Medical Supplies and Services: Denny Crockett
- Raver Aplicaciones S.A. de C.V: Cameron Gundry
- Intelligent Solutions: Joseph Featherstone
- Clinical Reference Laboratory: Joseph Featherstone
- NTL Laboratory: Joseph Featherstone
- Genesis Reference Laboratories: Denny Crockett
- Biological Laboratory: Denny Crockett
- Syntec Scientific Ltd.: Cameron Gundry
- Safeguard DNA Diagnostics Inc.: Denny Crockett
- Promus Diagnostics: Seth Egan
- dNTP Labs: Seth Egan
- Innovative GX: Seth Egan
- Bayside Laboratories: Seth Egan

**INTERROGATORY NO. 4:  Identify all individuals who participated in Your decision to stop providing quarterly guidance, which was announced on May 12, 2022.**

**ANSWER:**

Defendants incorporate each of their General Objections into this Answer as if fully set forth herein. Defendants object to this Interrogatory because it purports to ask Defendants to marshal evidence that is more effectively obtained through deposition or documentary evidence and thus there are more practical discovery methods for obtaining the information sought. Defendants also object because this Interrogatory seeks information already sought in duplicative document requests, in response to which Defendants are producing responsive, non-privileged documents. Defendants further object to this Interrogatory on the grounds that it is unduly burdensome because it seeks the identification of "all individuals who participated in" the decision to stop providing quarterly guidance. Defendants further object to this Interrogatory on the grounds that is vague and ambiguous as to use of the term "participate in." Additionally, Defendants object to this Request to the extent it seeks information that is not relevant to any claims or defenses in this Action and is not proportional to the needs of the case.

Without waiving and subject to Defendants' objections, Defendants state that the following individuals primarily participated in the decision to stop providing quarterly guidance as announced on May 12, 2022:

- Andrew Benson
- Dwight Egan
- Brian Brown
- Mike Houston, Lambert

Defendants reserves the right to supplement this response with subsequently discovered documents and information and to introduce such documents and information at the time of trial.

**INTERROGATORY NO. 5:  Identify all Persons including third-parties or outside vendors, who or advised or consulted on, or provided information regarding, any COVID-19 Test Funding Programs.**

**ANSWER:**

Defendants incorporate each of their General Objections into this Answer as if fully set forth herein. Defendants further object to this Interrogatory because it seeks information beyond that permitted under Local Rule 33.3. Defendants object to this Interrogatory because it purports to ask Defendants to marshal evidence that is more effectively obtained through deposition or documentary evidence and thus there are more practical discovery methods for obtaining the information sought. Defendants also object to this Interrogatory because it seeks information already sought in duplicative document requests, in response to which Defendants are producing responsive, non-privileged documents. Defendants further object to this Interrogatory on the grounds that it is overbroad and unduly burdensome, calling for the identification of "all" Persons—including *any* natural person, legal entity, business, or governmental entity—who advised, consulted on, or provided information regarding any COVID-19 Test Funding Program. Additionally, this Interrogatory is overbroad because it seeks the identification of all Persons who advised, consulted on, or provided information on *any* public or government funding program or initiative to increase access to COVID-19 diagnostic testing. Defendants additionally object to this Interrogatory on the grounds that is vague and ambiguous with respect to the phrases "advised" or "consulted on." Defendants further object to this Request to the extent it seeks information that is not relevant to any claims or defenses in this Action and is not proportional to the needs of the case.

Without waiving and subject to Defendants' objections, Defendants state that they are willing to meet and confer with Plaintiff to determine a reasonable interpretation of this Interrogatory that is proportional to the needs of the litigation. Defendants reserves the right to supplement this response with subsequently discovered documents and information and to introduce such documents and information at the time of trial.

**SUPPLEMENTAL ANSWER:**

Interrogatory No. 5 asks Defendants to identify all persons, including any third parties or outside vendors, who advised or consulted on any funding programs that increased access to COVID-19 diagnostic testing. Defendants maintain that Interrogatory No. 5 is extremely overbroad given that third parties (including government officials and commentators) were providing guidance on COVID-related funding programs to the general public, including Defendants, regularly during the relevant time period. Further, Defendants object on the grounds that the terms "advised" and "consulted" are vague and ambiguous. Given the Court's April 19, 2024 order dismissing Plaintiff's Item 303 claim, alleging that Defendants are liable under § 10(b) of the Securities Exchange Act for failing to disclose in the Company's May 2022 10-Q that federal funding for COVID testing was not renewed in March 2022, the burden of searching for information responsive to Interrogatory No. 5 far outweighs the probative value of such information. Regardless, subject to and without waiving Defendants' other previously stated general and specific objections, Defendants state that they did not consult or seek advice from anybody specifically regarding funding programs for COVID-19 diagnostic tests.

13

4879-3845-8540.8

14

Dated: May 15, 2024

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ Douglas W. Greene*
Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Genevieve G. York-Erwin
gyorkerwin@bakerlaw.com
Zachary R. Taylor
ztaylor@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

Marissa A. Peirsol (*pro hac vice*)
mpeirsol@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: 614.462.2656

*Attorneys for Defendants*

4879-3845-8540.8

## <u>VERIFICATION</u>

I, Brian L. Brown, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

I am an employee of Co-Diagnostics, Inc. ("Co-Diagnostics"), and I have reviewed Defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown's Answers and Objections to Lead Plaintiff's First Set of Interrogatories on Defendants' behalf. Defendants' answers are true to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

Name: Brian L. Brown
Position: Chief Financial Officer, Co-Diagnostics, Inc.
Date: May 15, 2024

15

4879-3845-8540.8

## CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2024, I served a copy of the foregoing discovery responses titled Defendants Co-Diagnostics, Inc., Dwight H. Egan, And Brian L. Brown's Answers And Objections To Lead Plaintiff's First Set Of Interrogatories via email on the following persons:

Frederic S. Fox
Donald R. Hall
Jason A. Uris
800 Third Avenue, 38th Floor New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
E-mail: ffox@kaplanfox.com
E-mail: dhall@kaplanfox.com
E-mail: juris@kaplanfox.com

*Lead Counsel for Lead Plaintiff*

/s/ Douglas W. Greene
Douglas W. Greene

16

4879-3845-8540.8