**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, this consolidated putative class action (the "Action") comes before the Court on Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion") and on the Stipulation and Agreement of Settlement dated August 14, 2026 ("Stipulation") entered into by Lead Plaintiff Stadium Capital LLC ("Lead Plaintiff"), and defendants Co-Diagnostics, Inc. ("Co-Dx" or the "Company"), Dwight H. Egan and Brian L. Brown (collectively, "Defendants" and together with Lead Plaintiff, the "Parties"), by and through their respective counsel;

WHEREAS, the Stipulation sets forth the terms and conditions for the proposed settlement of the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23");

WHEREAS, by Order entered November 12, 2024, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased the publicly traded

securities of Co-Dx[1] during the period May 12, 2022, through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown and Defendants' immediate family members, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and submissions made relating thereto, and found good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. **Preliminary Approval of the Settlement**. The Court hereby preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, having found that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan

[1] The Class includes investors that purchased or otherwise acquired Co-Dx common stock or call options, or sold Co-Dx put options.

of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action with prejudice based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. **Retention of Claims Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain RG/2 Claims Administration LLC as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims as more fully set forth below:

a. No later than twenty (20) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached hereto as Exhibits A(1) and A(2), respectively, to be mailed by first class mail, postage prepaid, to all members of the Class who may be identified through reasonable effort, including through the cooperation of Co-Dx and/or its transfer agents to provide security holder lists as set forth in the Stipulation (the "Notice Date");

b. Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A(3), to be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than ten (10) calendar days after the Notice Date;

c. Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Settlement Fairness Hearing.

d. Class Counsel shall cause the Notice, the Summary Notice, and the Claim Form to be placed on a website developed for the Settlement and maintained by the Claims Administrator, www.co-diagnosticssecuritieslitigation.com, on or before the Notice Date.

4. **CAFA Notice**. Not later than ten (10) calendar days after the submission of the Stipulation to the Court, Defendants shall serve any required notice of the proposed Settlement upon those who are entitled to such notice pursuant to 28 U.S.C. §1715(b) ("CAFA Notice"). Not later than thirty-five (35) calendar days before the Settlement Fairness Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

5. **Approval of Form and Content of Notice**. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, attached hereto as Exhibits A-1, A-2 and A-3, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraphs 3 and 6 of this Preliminary Approval Order meet the requirements of Rule 23, the Constitution of the United States, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995, and constitute the best notice practicable under the circumstances and constitute due and sufficient notice to all Class Members.

6. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased the publicly-traded securities of Co-Dx on the Nasdaq, on other U.S. exchanges or in a U.S. transaction for the benefit of another person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the

Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

7. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Claim Form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

8. **Settlement Fairness Hearing**. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on __________________, 2026, at _____ __.m., in the United States District Court for the Southern District of New York, the Honorable Arun Subramanian presiding, for the following purposes:

a. to determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court;

b. to determine whether the Plan of Allocation for the Net Settlement Fund should be approved by the Court as fair and reasonable;

c. to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims;

d. to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and

e. to rule on such other matters as the Court may deem appropriate.

9. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses, to hold the hearing telephonically or by videoconference, to modify any of the dates herein, or to make such modifications as may be consented to by the Parties to the Stipulation, without further notice to the Class.

10. **Appearance and Objections at Settlement Fairness Hearing**. Any member of the Class who wishes to object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on the Parties (listed below) a written statement of objection to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses in connection with the representation of the Class.

11. Any member of the Class who timely objects to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, or who otherwise wishes to be heard, may appear in person or by and through an attorney, at his/her/its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant. Such Class Member may do so provided that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court, unless within twenty-one (21) calendar days prior

to the Settlement Fairness Hearing, such person files with the Court and serves upon counsel listed below:

a. The case name and docket number, *Stadium Capital LLC v. Co-Diagnostics, Inc. et al.*, Case No. 22-cv-6978-AS (S.D.N.Y.);

b. The name, address, and telephone number of the person objecting, signed by the objector;

c. A statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

d. The specific grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider;

e. Whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the witness and/or expert testimony; and

f. Proof of the person's membership in the Class, which proof shall include the person's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; and

g. Such filings shall be filed with the Court and served upon the following counsel:

| LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP**<br>Frederic S. Fox<br>Donald R. Hall<br>Jason A. Uris<br>Clara Abramson<br>800 Third Avenue, 38th Floor<br>New York, NY 10022 | **BAKER & HOSTETLER LLP**<br>Douglas W. Greene<br>Genevieve G. York-Erwin<br>Zachary R. Taylor<br>45 Rockefeller Plaza<br>New York, NY 10111<br>dgreene@bakerlaw.com |

| | |
|---|---|
| ffox@kaplanfox.com<br>dhall@kaplanfox.com<br>juris@kaplanfox.com<br>cabramson@kaplanfox.com | gyorkerwin@bakerlaw.com<br>ztaylor@bakerlaw.com<br><br>Marissa A. Peirsol (*pro hac vice*)<br>200 S. Civic Center Drive<br>Columbus, Ohio 43215<br>mpeirsol@bakerlaw.com |


12. Any person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Any papers in response to any such objections shall be served and filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing. Attendance at the hearing is not necessary, however, persons or entities wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.

13. **Request for Exclusion**. Any person falling within the definition of the Class may, upon a timely and proper request, be excluded from the Class. Any such person must mail or deliver a request for exclusion ("Request for Exclusion") in written form to the address designated in the Notice for such exclusions, such that it is received by the Claims Administrator at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. To be valid, a Request for Exclusion must state: (1) the name, address, and telephone number of the person or entity requesting exclusion; (2) the person or entity's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; (3) a clear and unambiguous statement that the person

wishes to be excluded from the Class; and (4) must be signed by the person or entity requesting exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No further opportunity to request exclusion will be given in this Action, and requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

14. All Class Members shall be bound by all determinations and judgments in this Action concerning the settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have timely and validly requested exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Claim Forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

15. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings.

16. **<u>Participation in the Settlement</u>**. Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. A Claim Form shall be deemed to have been submitted when

postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Claim Form must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (2) include the release of all Released Claims by the claimant of all Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, (subject to the effectuation of the Settlement reflected in the Stipulation), agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Claim Form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Claim Form, unless such persons request exclusion from the Class in a timely and proper manner, as provided herein.

17. Neither the Defendants nor their counsel shall have any responsibility for or involvement in the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18. If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith

(including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation and will be without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to their respective positions in the litigation as of the date immediately prior to the execution of the Term Sheet on July 29, 2026, as provided in the Stipulation.

19. **Stay and Temporary Injunction**. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Class Members are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Released Plaintiff's Claims against the Defendant Releasees.

20. **Settlement Fund**. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed pursuant to the Stipulation and further order(s) of the Court.

21. **Payment of Taxes and Claims Administration Fees and Expenses**. Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

22. **Use of this Order**. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, and proceedings in connection therewith, shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant, any member of the Class, or any other person or entity, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, or any other person, has or has not suffered any damage.

23. **Supporting Papers**. All motions and papers in support of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

24. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

**IT IS SO ORDERED.**

DATED:

____________________ ________________________________________

THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**To:** All persons and entities who purchased or otherwise acquired Co-Diagnostics, Inc. common stock or call options, or sold put options, during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive, and were damaged thereby.

***A federal court has authorized this notice. This is not a solicitation from a lawyer.***

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiff Stadium Capital LLC ("Lead Plaintiff"), on behalf of itself and the Class (as defined below) has reached a proposed Settlement of the Action for a total of Six Million Five Hundred Thousand Dollars ($6,500,000.00) in cash that, if approved, will resolve all claims in the Action (the "Settlement").

This Notice is directed to you because you may be a member of the Class. If you are a member of the Class, your rights will be affected by the Action. If you do not meet the Class definition, this Notice does not apply to you. If you are uncertain whether you are a member of the Class, contact Lead Counsel listed in paragraph 76 below, or your own attorney.

**PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Defendants, their counsel, or the Court. All questions should be directed to Lead Counsel or the Claims Administrator.**

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown (collectively, the "Defendants"), violated the federal securities laws by making false and misleading statements regarding demand for the Company's core product during the Class Period (as defined below), the Logix Smart™ COVID-19 Test, in press releases and on earnings calls with investors. The proposed Settlement, if approved by the Court, will settle all claims of the Class in the Action. The "Class," as certified by the Court, consists of all persons and entities who purchased the publicly traded securities of Co-Dx[1] during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: Defendants and Defendants' immediate family members, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

2. **Statement of the Class's Recovery:** Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of Six Million Five Hundred Thousand Dollars ($6,500,000.00) in cash (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon while in escrow (the "Settlement Fund") less (i) any Taxes and Tax Expenses, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court), will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 11-20, below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of Co-Diagnostics common stock purchased and options traded during the Class Period that may have been affected by the alleged conduct alleged in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery will be approximately $0.61 per alleged damaged share ("damaged shares"), $0.17 per alleged damaged call option ("damaged call options"), and $0.28 per alleged damaged put option ("damaged put options")[2], before deduction of attorneys' fees, costs and expenses awarded by the Court,

---

[1] The Class includes investors that purchased or otherwise acquired Co-Diagnostics common stock or call options, or sold Co-Diagnostics put options.

[2] Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Co-Diagnostics common stock. The stated estimated average recoveries for

and the costs of providing notice and administering the Settlement. **Class Members should note, however, that the foregoing average recovery per share is only an estimate.** A Class Member's actual recovery will depend on several things, including: (1) the total number of Claims filed; (2) when and at what price they purchased their securities; (3) whether and when they sold their securities; (4) the amount of Notice and Administration Costs; and (5) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth below (see pages 11-21 below) or such other plan of allocation as may be ordered by the Court.

4. **Estimate of Average Amount of Damages Per Share:** The Parties disagree about both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kaplan Fox & Kilsheimer LLP ("Lead Counsel") has been prosecuting the Action on a wholly contingent basis, has not received any payment of attorneys' fees for its representation of the Class, and has advanced substantial funds to pay expenses necessarily incurred in order to prosecute the Action. As set forth in greater detail below, Lead Counsel, among other things: (i) conducted an extensive investigation into the claims; (ii) drafted a detailed amended complaint; (iii) opposed Defendants' motion to dismiss; (iv) engaged experts to evaluate the claims and damages; (v) engaged in extensive document and deposition discovery; (vi) filed a motion for class certification; (vii) opposed Defendants' motion to decertify the Class; (viii) filed a motion for partial summary judgment and opposed Defendants' motion for summary judgment; (ix) filed a motion to partially preclude the reports and testimonies of Defendants' expert witnesses and opposed Defendants' motion to preclude the report and testimony of Lead Plaintiff's expert witness; (x) briefed an independent and experienced mediator; and (xi) engaged in a full day mediation session and extensive additional negotiations before reaching an agreement in principle to settle. Additionally, Kobre & Kim LLP appeared in the Action in June 2026 as trial co-counsel and has been prosecuting the Action on a wholly contingent basis. Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed thirty-three and one-third percent (33 1/3%) of the Settlement Fund. Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $500,000. Lead Counsel will share attorneys' fees with Kobre & Kim in the amount of thirty percent (30%) of any attorneys' fees awarded to Lead Counsel in this Action pursuant to a fee sharing agreement with Kobre & Kim. If the Court approves Lead Counsel's fee and expense application, the average cost per damaged share, damaged call option, and damaged put option will be

---

call and put options are *per share of the underlying security* (*i.e.,* 1/100 of a contract).

approximately $0.25 per damaged share, $0.07 per damaged call option, and $0.12 per damaged put option.[3] **Please note that these amounts are only estimates.**

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by Frederic S. Fox, Donald R. Hall, Jason A. Uris, and Clara Abramson of Kaplan Fox & Kilsheimer LLP, 800 Third Avenue, 38th Floor, New York, NY 10022, ffox@kaplanfox.com, dhall@kaplanfox.com, juris@kaplanfox.com, and cabramson@kaplanfox.com. The contact phone for Mr. Fox, Mr. Hall, Mr. Uris, and Ms. Abramson is 1-800-290-1952.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class, without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after a trial of the Action and the likely appeals that would follow a trial, a process that could last many months, or even years, into the future. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation provided that all of the claims of the Class are settled and compromised.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN ________________.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (as defined in paragraph 63 below) that you have against Defendants and the other Defendant Releasees (as defined in paragraph 60 below), so it is in your interest to submit a Claim Form. |

[3] The stated average costs for call and put options are *per share of the underlying security* (*i.e.,* 1/100 of a contract). *See* fn. 2.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _______________.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the other Defendant Releasees concerning the claims that were, or could have been, asserted in this Action. It is also the only way for Class Members to remove themselves from the Class. If you are considering excluding yourself from the Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred. *See* paragraph 68 below. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ________________.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN ______________, AND APPEAR AT THE HEARING ON _______________ AT THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, 500 PEARL STREET, COURTROOM 15A, NEW YORK, NY 10007.** | Filing a written objection and notice of intention to appear by _____________ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by _______________, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Fairness Hearing – currently scheduled for ____________ at ____a.m./p.m. – is subject to change without further notice to the Class. If you plan to attend the hearing, you should check the website www.co-diagnosticssecuritieslitigation.com or contact Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**


| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|
| Why Did I Get This Notice? | Page ___ |
| What Is This Case About? | Page ___ |
| How Do I Know If I Am Affected by the Settlement? Who is included in the Class? | Page ___ |
| What Are Lead Plaintiff's Reasons for the Settlement? | Page ___ |
| What Might Happen If There Were No Settlement? | Page ___ |
| How Much Will My Payment Be? | Page ___ |
| How Are Class Members Affected by the Action and the Settlement? | Page ___ |
| What Payment Are the Attorneys for the Class Seeking? How Will the Lawyers Be Paid? | Page ___ |
| What If I Do Not Want to be a Member of the Class? How Do I Exclude Myself? | Page ___ |
| How Do I Participate in the Settlement? What Do I Need to Do? | Page ___ |
| When and Where Will the Court Decide Whether to Approve the Settlement? Do I Have to Come to the Hearing? May I Speak at the Hearing If I Don't Like the Settlement? | Page ___ |
| What If I Bought Co-Dx Securities On Someone Else's Behalf? | Page ___ |
| Can I See the Court File? Whom Should I Contact If I Have Questions? | Page ___ |


## WHY DID I GET THIS NOTICE?

8. This Notice was sent to you pursuant to an Order of the Court because you, someone in your family, or an investment account for which you serve as custodian may have purchased the securities that are the subject of this Action. As a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, RG/2 Claims Administration ("RG/2"), the Claims Administrator retained by Lead Counsel and approved by the Court, will distribute payments pursuant to the Plan of Allocation after any objections and appeals are resolved.

9. This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to get them. The purpose of this Notice is to

inform you that a Settlement has been reached in the Action and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing"). *See* ¶¶ 74-81 below for details about the Settlement Hearing, including the date and location of the hearing.

10. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly; we appreciate your patience.

## WHAT IS THIS CASE ABOUT?

### A. <u>Summary of Procedural History and Background on Lead Plaintiff's Claims</u>

11. This is a securities class action against Defendants for alleged violations of the federal securities laws. Lead Plaintiff alleges that Defendants, in press releases and on earnings calls with investors, made material misrepresentations regarding demand for the Company's core product during the Class Period, the Logix Smart COVID-19 Test.

12. On August 16, 2022, the initial complaint was filed by Stadium Capital LLC. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13. By Order dated August 9, 2023, the Court appointed Stadium Capital LLC as Lead Plaintiff and Kaplan Fox & Kilsheimer LLP as Lead Counsel.

14. On September 21, 2023, Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws (the "CAC"). The now certified action alleges that Defendants, in press releases and on earnings calls with investors, made material misstatements regarding demand for the Company's core product during the Class Period, the Logix Smart COVID-19 Test. More specifically, the CAC alleges that Defendants failed to disclose that at the time of the alleged misstatements, (1) demand for its Logix Smart™ COVID-19 Test had already plummeted, and (2) as a result, Defendants' positive statements about the demand for its Logix Smart™ COVID-19 Test lacked a reasonable basis. The CAC alleges that when the truth about Defendants' Class Period misstatements was revealed, it caused Co-Dx's stock price to fall.

15. On October 20, 2023, Defendants moved to dismiss the CAC. On November 21, 2023, Lead Plaintiff filed its opposition to Defendants' motion to dismiss, and on December 13, 2023, Defendants filed their reply in further support of their motion to dismiss. On February 5, 2024, the Court granted in part and denied in part Defendants' motion to dismiss.

16. On July 26, 2024, Lead Plaintiff filed its motion for class certification. On September 6, 2024, Defendants filed a notice of non-opposition and reservation of rights in response to Lead Plaintiff's motion for class certification, and on September 9, 2024, Lead Plaintiff filed a reply in further support of its motion for class certification. On November 12, 2024, the Court granted Lead Plaintiff's motion for class certification, appointing Lead Plaintiff Stadium Capital as Class Representative, and appointing Kaplan Fox as Class Counsel. On December 27, 2024, Defendants filed a motion to remove Stadium Capital as Lead Plaintiff and Class Representative and to decertify the Class. On January 17, 2025, Lead Plaintiff filed its opposition to Defendants' decertification motion, and on January 21, 2025 Defendants filed their reply in further support. On January 24, 2025, the Court denied Defendants' decertification motion.

17. On March 21, 2025, Lead Plaintiff filed its motion for partial summary judgment. Also on March 21, 2025, Defendants moved for summary judgment. On May 2, 2025, Defendants filed their opposition to Lead Plaintiff's motion for partial summary judgment. Also on May 2, 2025, Lead Plaintiff filed its opposition to Defendants' motion for summary judgment. On May 30, 2025, Lead Plaintiff filed its reply in further support of its motion for partial summary judgment. Also on May 30, 2025, Defendants filed their reply in further of their motion for summary judgment. On January 14, 2026, the Court granted in part and denied in part Lead Plaintiff's motion for partial summary judgment, and denied Defendants' motion for summary judgment in its entirety.

### B. <u>The Parties' Settlement Negotiations</u>

18. In June of 2024, the Parties agreed to discuss a possible resolution of the Action. To facilitate their negotiations, the Parties scheduled a formal mediation with Jed Melnick, Esq. of JAMS. On October 18, 2024, the Parties conducted a full-day remote mediation session before Mr. Melnick. Although the Parties were unable to reach a resolution of the Action at the initial mediation, they continued their discussions with the assistance of Mr. Melnick, and after extensive additional negotiations, agreed to resolve the matter through the proposed settlement. On July 28, 2026, the Parties agreed to resolve the matter for $6.5 million and executed a binding term sheet setting forth the material terms of their agreement.

19. On August 14, 2026, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.co-diagnosticssecuritieslitigation.com. The Parties also entered into a Confidential Supplemental Agreement, which gives Defendants the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that meets the agreed-upon conditions set forth in the Confidential Supplemental Agreement in accordance with the terms of that agreement.

20. On _____________, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

21. If you are a member of the Class, you are subject to the Settlement unless you are excluded from the Class as set forth below. The Class consists of: all persons and entities who purchased the publicly traded securities of Co-Dx[4] during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: Defendants and Defendants' immediate family members, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

**PLEASE NOTE: Receipt of this notice does not mean that you are a Class member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Class member and wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than ______________________.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

22. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiff and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants would assert that they acted in good faith and therefore lacked sufficient knowledge of, or did not act recklessly with respect to, the falsity of their statements (also known as scienter). Among other things, the Parties also disagree about whether the Class would be able to prove loss causation. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiffs would have to prevail at an imminent trial, and even if they prevailed at this trial, they would have to prevail on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, as compared to the risk that the claims in the Action would produce a smaller or no recovery after trial and appeals, possibly years in the future.

---

[4] The Class includes investors that purchased or otherwise acquired Co-Diagnostics common stock or call options, or sold Co-Diagnostics put options.

24. Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit and deny that they did anything wrong, that Plaintiffs or the Class suffered damages or that the price of Co-Diagnostics' securities was artificially inflated by reason of any alleged misrepresentations or otherwise. The Settlement should not be seen as an admission or concession on the part of the Defendants. The Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden, and expense of further protracted litigation.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

25. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either a trial or on appeal, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW MUCH WILL MY PAYMENT BE?**

26. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

27. Pursuant to the Settlement, Defendants have agreed to pay $6,500,000.00 in cash. The Settlement Amount will be deposited into an interest-bearing Escrow Account. The Settlement Amount plus all interest earned thereon while in escrow is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation (as set forth below) or such other plan of allocation as the Court may approve.

28. The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

29. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

30. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

31. Only Class Members, *i.e.*, persons and entities who purchased the publicly traded securities of Co-Dx, including common stock or call options, or sold Co-Dx put options, during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive, and were damaged thereby and who or which are not excluded from the Class, will be eligible to share in the distribution of the Net Settlement Fund.

32. Each Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, including all required documentation, postmarked (or submitted online) on or before ________________________ to the address set forth in the Claim Form that accompanies this Notice.

33. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _________________ shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiff's Claims against the Defendant Releasees and will be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, whether or not such Class Member submits a Claim Form.

34. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds, the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

## PROPOSED PLAN OF ALLOCATION

35. The objective of the Plan of Allocation set forth below is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation generally measures the amount of loss that Authorized Claimants can claim for purposes of making *pro rata* allocations of the Settlement proceeds. To design this Plan, Class Counsel has conferred with their damages expert. However, the Plan of Allocation is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of the amounts that Authorized Claimants might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The calculations made pursuant to the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Settlement proceeds.

36. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the investor's loss and

inflation paid at the time of purchase must exceed the inflation at time of sale.[5] In this case, Lead Plaintiff alleged that Defendants made false and misleading statements during the period between May 12, 2022 through and including August 11, 2022, which had the effect of artificially inflating the prices of Co-Diagnostics Common Stock and Co-Diagnostics Call Options and artificially deflating the price of Co-Diagnostics Put Options. Lead Plaintiff alleged that on August 11, 2022 (after the close of trading), corrective information was released to the market ("Corrective Disclosure") and removed the artificial inflation from Co-Diagnostics Common Stock and Call Options (and artificial deflation was removed from Co-Diagnostics Put Options).

37. In order to have a "Recognized Loss Amount" under the Plan of Allocation with respect to Co-Diagnostics Common Stock and Call Options, the security must have been purchased during the Class Period and held through the alleged disclosure that resulted in a statistically significant change in market price, and with respect to Put Options, those options must have been sold (written) during the Class Period and not closed through the alleged disclosure that resulted in a statistically significant change in market price.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

38. With respect to shares of Co-Diagnostics Common Stock, Call Options, and Put Options, a Recognized Loss Amount will be calculated by the Claims Administrator as set forth below for each purchase or other acquisition of Co-Diagnostics Common Stock and Call Option contracts and each sale of Co-Diagnostics Put Option contracts from May 12, 2022, through and including August 11, 2022 at market close,[6] that is listed in the Claim Form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

## CO-DIAGNOSTICS COMMON STOCK CALCULATIONS

39. For each share of Co-Diagnostics Common Stock purchased or otherwise acquired from May 13, 2022[7] through and including August 11, 2022 (through market close), and:

A. Sold at or before market close on August 11, 2022, the Recognized Loss Amount for each such share shall be zero.

---

[5] For *writers* of put options, where the price was allegedly deflated (as opposed to inflated), the artificial deflation must have decreased between the writing of the put option and the disposition (whether through sale or exercise) of the option position.

[6] Lead Plaintiff alleges the artificial inflation (deflation for put options) was removed from the price of Co-Diagnostics Common Stock and Options after market close on August 11, 2022.

[7] The first allegedly false and misleading statement occurred after market hours on May 12, 2022, therefore, artificial inflation would be present in the market price of Co-Diagnostics Common Stock on the following trading day, May 13, 2022.

B. Sold after market close on August 11, 2022 and before the close of trading on November 9, 2022, the Recognized Loss Amount for each such share shall be ***the least of***:

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition of $2.08; or

(ii) the actual purchase/acquisition price of each such share ***minus*** the average closing price from August 12, 2022, up to the date of sale as set forth in Table 1 below; or

(iii) the actual purchase/acquisition price of each such share ***minus*** the actual sale price.

C. Held as of the close of trading on November 9, 2022, the Recognized Loss Amount for each such share shall be ***the lesser of*:**

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition of $2.08; or

(ii) the actual purchase/acquisition price of each such share ***minus*** $3.36.[8]

**CO-DIAGNOSTICS CALL AND PUT OPTION CALCULATIONS**

40. Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Co-Diagnostics Common Stock. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.,* 1/100 of a contract).

41. Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Co-Diagnostics Call Options and the dollar artificial deflation per share (*i.e.*, 1/100 of

[8] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Co-Diagnostics Common Stock during the 90-day look-back period, August 12, 2022 through November 9, 2022. The mean (average) closing price for Co-Diagnostics Common Stock during this 90-day look-back period was $3.36.

a contract) for each series of Co-Diagnostics Put Options has been calculated by Lead Plaintiff's damages expert. Table 2 below sets forth the dollar artificial inflation per share in Co-Diagnostics Call Options during the Class Period. Table 3 below sets forth the dollar artificial deflation per share in Co-Diagnostics Put Options during the Class Period. Tables 2 and 3 list only series of exchange-traded Co-Diagnostics Options that expired on or after August 12, 2022 – the market date of the alleged corrective disclosure. Transactions in Co-Diagnostics Options that expired before August 11, 2022 have a Recognized Loss Amount of zero under the Plan of Allocation. Any Co-Diagnostics Options that are not found on Tables 2 and 3 have a Recognized Loss Amount of zero under the Plan of Allocation.

42. For each Co-Diagnostics Call Option purchased or otherwise acquired from May 13, 2022[9] through and including August 11, 2022 (through market close), and:

A. Closed (through sale, exercise, or expiration) at or before market close on August 11, 2022, the Recognized Loss Amount for each such share shall be zero.

B. Open as of market close on August 11, 2022, the Recognized Loss Amount for each such share shall be ***the lesser of***:

(i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 2 below; or

(ii) the actual purchase/acquisition price of each such share *minus* the closing price on August 12, 2022[10] for each such share (*i.e.*, the "Holding Price") as set forth on Table 2 below.

43. For each Co-Diagnostics Put Option sold (written) from May 13, 2022[11] through and including August 11, 2022 (through market close), and:

A. Closed (through purchase, exercise, or expiration) at or before market close on August 11, 2022, the Recognized Loss Amount for each such share shall be zero.

B. Open as of market close on August 11, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

(i) the dollar artificial deflation applicable to each such share on the date of sale as set forth in Table 3 below; or

[9] The first allegedly false and misleading statement/omission occurred after market hours on May 12, 2022, therefore, artificial inflation would be present in the market price of Co-Diagnostics Common Stock on the following trading day, May 13, 2022.

[10] The closing price on August 12, 2022 is utilized because it is the first non-inflated closing price.

[11] The first allegedly false and misleading statement/omission occurred after market hours on May 12, 2022, therefore, artificial inflation would be present in the market price of Co-Diagnostics Common Stock on the following trading day, May 13, 2022.

(ii) the closing price on August 12, 2022[12] for each such share (*i.e.*, the "Holding Price") as set forth on Table 3 below *minus* the actual sale price of each such share.

## ADDITIONAL PROVISIONS

44. **Recognized Claim:** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts.

45. The Net Settlement Fund will be allocated among all Authorized Claimants whose Recognized Claim is $10.00 or greater.

46. **FIFO Matching:** If a Claimant has more than one purchase/acquisition or sale of Co-Diagnostics Common Stock, Call Options, or Put Options during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. For Co-Diagnostics Common Stock and Call Options, Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Co-Diagnostics Put Options, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period and then against Put Options sold (written) during the Class Period in chronological order.

47. **Purchase/Acquisition/Sale Dates and Prices:** Purchases or acquisitions and sales of Co-Diagnostics Common Stock, Call Options, or Put Options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase or acquisition and sale prices shall exclude any fees, taxes, and commissions. The receipt or grant by gift, inheritance or operation of law of Co-Diagnostics Common Stock, Call Options, or Put Options during the Class Period shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Loss Amount pursuant to the calculations set forth above, and such receipt or grant shall not be deemed an assignment of any claim relating to the purchase/acquisition or sale of such Co-Diagnostics Securities, unless (i) the donor or decedent purchased or otherwise acquired such securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Co-Diagnostics Securities.

48. **Short Sales**: With respect to Co-Diagnostics Common Stock, the date of covering a short sale is deemed to be the date of purchase or acquisition of the stock. The date of a short sale is deemed to be the date of sale of the respective Co-Diagnostics Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on short sales, including purchases covering short

[12] The closing price on August 12, 2022 is utilized because it is the first non-deflated closing price.

sales, during the Class Period is zero. In the event that a Claimant has an opening short position in Co-Diagnostics Common Stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

49. If a Settlement Class Member has "written" Co-Diagnostics Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" Call Options and any purchased Call Options used to cover the position is zero. In the event that a Claimant has an opening written position in Co-Diagnostics Call Options, the earliest Class Period purchases or acquisitions of like Call Options shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

50. If a Settlement Class Member has purchased or acquired Co-Diagnostics Put Options, thereby having a long position in the Put Options, the date of purchase or acquisition is deemed to be the date of purchase or acquisition of the Put Option. The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on such purchased or acquired Put Options is zero. In the event that a Claimant has an opening long position in Co-Diagnostics Put Options, the earliest Class Period sales or dispositions of like Put Options shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

51. **Eligible Securities:** Co-Diagnostics Common Stock, Call Options, and Put Options are the only securities eligible for recovery under the Plan of Allocation. With respect to Co-Diagnostics Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Co-Diagnostics Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

52. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

53. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed

*pro rata* to all Authorized Claimants entitled to receive payment.

54. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

55. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no fewer than nine (9) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions after the deduction of any additional fees and expenses incurred in administering the Settlement would be cost-effective. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance, subject to Court approval, will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

56. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Co-Diagnostics, their counsel, damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Co-Diagnostics and their counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

57. The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, www.co-diagnosticssecuritieslitigation.com.

**Table 1**
**Co-Diagnostics Closing Price and Average Closing Price**
**August 12, 2022 - November 9, 2022**

| Date | Closing Price | Average Closing Price Between August 12, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between August 12, 2022 and Date Shown |
|---|---|---|---|---|---|
| 8/12/2022 | $4.48 | $4.48 | 9/28/2022 | $3.13 | $3.40 |
| 8/15/2022 | $4.31 | $4.40 | 9/29/2022 | $3.18 | $3.39 |
| 8/16/2022 | $4.11 | $4.30 | 9/30/2022 | $3.21 | $3.38 |
| 8/17/2022 | $3.86 | $4.19 | 10/3/2022 | $3.33 | $3.38 |
| 8/18/2022 | $3.76 | $4.10 | 10/4/2022 | $3.41 | $3.38 |
| 8/19/2022 | $3.71 | $4.04 | 10/5/2022 | $3.34 | $3.38 |
| 8/22/2022 | $3.64 | $3.98 | 10/6/2022 | $3.31 | $3.38 |
| 8/23/2022 | $3.60 | $3.93 | 10/7/2022 | $3.25 | $3.38 |
| 8/24/2022 | $3.61 | $3.90 | 10/10/2022 | $3.37 | $3.38 |
| 8/25/2022 | $3.65 | $3.87 | 10/11/2022 | $3.32 | $3.38 |
| 8/26/2022 | $3.55 | $3.84 | 10/12/2022 | $3.44 | $3.38 |
| 8/29/2022 | $3.52 | $3.82 | 10/13/2022 | $3.45 | $3.38 |
| 8/30/2022 | $3.55 | $3.80 | 10/14/2022 | $3.11 | $3.37 |
| 8/31/2022 | $3.38 | $3.77 | 10/17/2022 | $3.09 | $3.37 |
| 9/1/2022 | $3.19 | $3.73 | 10/18/2022 | $3.18 | $3.36 |
| 9/2/2022 | $3.18 | $3.69 | 10/19/2022 | $3.10 | $3.36 |
| 9/6/2022 | $3.08 | $3.66 | 10/20/2022 | $3.07 | $3.35 |
| 9/7/2022 | $3.16 | $3.63 | 10/21/2022 | $3.18 | $3.35 |
| 9/8/2022 | $3.24 | $3.61 | 10/24/2022 | $3.19 | $3.34 |
| 9/9/2022 | $3.27 | $3.59 | 10/25/2022 | $3.24 | $3.34 |
| 9/12/2022 | $3.30 | $3.58 | 10/26/2022 | $3.33 | $3.34 |
| 9/13/2022 | $3.11 | $3.56 | 10/27/2022 | $3.18 | $3.34 |
| 9/14/2022 | $3.29 | $3.55 | 10/28/2022 | $3.34 | $3.34 |
| 9/15/2022 | $3.24 | $3.53 | 10/31/2022 | $3.47 | $3.34 |
| 9/16/2022 | $3.23 | $3.52 | 11/1/2022 | $3.64 | $3.35 |
| 9/19/2022 | $3.15 | $3.51 | 11/2/2022 | $3.52 | $3.35 |
| 9/20/2022 | $3.07 | $3.49 | 11/3/2022 | $3.45 | $3.35 |
| 9/21/2022 | $2.92 | $3.47 | 11/4/2022 | $3.47 | $3.35 |
| 9/22/2022 | $2.87 | $3.45 | 11/7/2022 | $3.58 | $3.36 |
| 9/23/2022 | $3.02 | $3.44 | 11/8/2022 | $3.55 | $3.36 |
| 9/26/2022 | $2.91 | $3.42 | 11/9/2022 | $3.36 | $3.36 |
| 9/27/2022 | $2.96 | $3.40 | | | |

**TABLE 2**

**Call Option Artificial Inflation Per Share During Trading Periods**

| Expiration Date | Strike Price | May 13, 2022 - August 11, 2022 | Holding Value |
|---|---|---|---|
| 8/12/2022 | $4.00 | $2.08 | $0.50 |
| 8/12/2022 | $6.00 | $0.58 | $0.05 |
| 8/12/2022 | $6.50 | $0.28 | $0.03 |
| 8/12/2022 | $7.00 | $0.15 | $0.03 |
| 8/12/2022 | $7.50 | $0.08 | $0.03 |
| 8/12/2022 | $8.50 | $1.05 | $0.03 |
| 8/19/2022 | $4.00 | $1.70 | $0.53 |
| 8/19/2022 | $5.00 | $1.43 | $0.08 |
| 8/19/2022 | $5.50 | $1.03 | $0.03 |
| 8/19/2022 | $6.00 | $0.68 | $0.03 |
| 8/19/2022 | $6.50 | $0.43 | $0.03 |
| 8/19/2022 | $7.00 | $0.23 | $0.03 |
| 8/19/2022 | $7.50 | $0.10 | $0.03 |
| 8/19/2022 | $8.00 | $0.08 | $0.03 |
| 8/19/2022 | $8.50 | $0.03 | $0.03 |
| 8/19/2022 | $9.00 | $0.03 | $0.03 |
| 8/19/2022 | $11.00 | $0.03 | $0.03 |
| 8/19/2022 | $12.00 | $0.20 | $0.03 |
| 8/19/2022 | $13.00 | $0.05 | $0.03 |
| 8/19/2022 | $15.00 | $0.35 | $0.03 |
| 8/26/2022 | $6.00 | $0.73 | $0.05 |
| 8/26/2022 | $7.00 | $0.98 | $0.10 |
| 8/26/2022 | $7.50 | $0.15 | $0.03 |
| 8/26/2022 | $8.00 | $0.08 | $0.03 |
| 9/2/2022 | $7.50 | $0.25 | $0.03 |
| 9/2/2022 | $10.00 | $1.05 | $0.03 |
| 9/9/2022 | $5.00 | $2.53 | $0.25 |
| 9/9/2022 | $7.50 | $0.50 | $0.05 |
| 9/9/2022 | $10.00 | $0.68 | $0.40 |
| 9/16/2022 | $3.00 | $2.48 | $1.58 |
| 9/16/2022 | $5.00 | $1.33 | $0.28 |
| 9/16/2022 | $6.00 | $0.78 | $0.08 |
| 9/16/2022 | $7.00 | $0.45 | $0.03 |
| 9/16/2022 | $8.00 | $0.20 | $0.03 |
| 9/16/2022 | $10.00 | $0.03 | $0.03 |
| 9/23/2022 | $7.50 | $1.28 | $0.05 |
| 11/18/2022 | $3.00 | $1.68 | $1.68 |
| 11/18/2022 | $4.00 | $1.48 | $0.95 |
| 11/18/2022 | $5.00 | $1.43 | $0.50 |
| 11/18/2022 | $6.00 | $0.95 | $0.25 |

| | | | |
|---|---|---|---|
| 11/18/2022 | $7.00 | $0.98 | $0.15 |
| 11/18/2022 | $8.00 | $0.35 | $0.10 |
| 11/18/2022 | $9.00 | $0.23 | $0.08 |
| 11/18/2022 | $10.00 | $0.13 | $0.08 |
| 11/18/2022 | $11.00 | $0.08 | $0.05 |
| 11/18/2022 | $13.00 | $0.05 | $0.03 |
| 1/20/2023 | $2.00 | $2.03 | $2.63 |
| 1/20/2023 | $3.00 | $2.08 | $1.73 |
| 1/20/2023 | $4.00 | $1.23 | $1.08 |
| 1/20/2023 | $5.00 | $1.30 | $0.65 |
| 1/20/2023 | $6.00 | $1.08 | $0.35 |
| 1/20/2023 | $7.00 | $0.75 | $0.25 |
| 1/20/2023 | $8.00 | $0.20 | $0.20 |
| 1/20/2023 | $9.00 | $0.23 | $0.15 |
| 1/20/2023 | $10.00 | $0.25 | $0.10 |
| 1/20/2023 | $12.00 | $0.10 | $0.10 |
| 1/20/2023 | $30.00 | $0.03 | $0.10 |
| 2/17/2023 | $3.00 | $1.43 | $2.08 |
| 2/17/2023 | $4.00 | $1.60 | $1.13 |
| 2/17/2023 | $6.00 | $1.10 | $0.43 |
| 2/17/2023 | $7.00 | $0.83 | $0.25 |
| 2/17/2023 | $8.00 | $0.75 | $0.20 |
| 2/17/2023 | $9.00 | $0.38 | $0.15 |
| 2/17/2023 | $10.00 | $0.28 | $0.10 |
| 1/19/2024 | $3.00 | $1.83 | $2.20 |
| 1/19/2024 | $5.00 | $0.83 | $1.43 |
| 1/19/2024 | $8.00 | $0.98 | $0.75 |
| 1/19/2024 | $10.00 | $1.98 | $0.50 |
| 1/19/2024 | $12.00 | $1.30 | $0.38 |
| 1/19/2024 | $15.00 | $2.03 | $0.23 |
| 1/19/2024 | $17.00 | $2.03 | $0.18 |
| 1/19/2024 | $20.00 | $1.65 | $0.15 |

**TABLE 3**

| Put Option Artificial Deflation Per Share During Trading Periods | | | |
|---|---|---|---|
| **Expiration Date** | **Strike Price** | **May 13, 2022 - August 11, 2022** | **Holding Value** |
| 8/12/2022 | $5.00 | $0.50 | $0.53 |
| 8/12/2022 | $5.50 | $0.15 | $1.08 |
| 8/12/2022 | $6.00 | $1.38 | $1.50 |

| | | | |
|---|---|---|---|
| 8/12/2022 | $6.50 | $1.68 | $2.00 |
| 8/12/2022 | $7.00 | $1.70 | $2.58 |
| 8/12/2022 | $7.50 | $1.43 | $3.00 |
| 8/12/2022 | $8.00 | $1.05 | $3.50 |
| 8/12/2022 | $8.50 | $1.28 | $4.00 |
| 8/19/2022 | $5.00 | $0.50 | $0.55 |
| 8/19/2022 | $5.50 | $0.95 | $1.03 |
| 8/19/2022 | $6.00 | $1.30 | $1.53 |
| 8/19/2022 | $6.50 | $1.58 | $2.03 |
| 8/19/2022 | $7.00 | $1.48 | $2.45 |
| 8/19/2022 | $8.00 | $1.88 | $3.50 |
| 8/19/2022 | $10.00 | $2.08 | $5.45 |
| 8/26/2022 | $5.50 | $0.20 | $1.05 |
| 8/26/2022 | $6.00 | $0.45 | $1.50 |
| 8/26/2022 | $6.50 | $0.75 | $2.00 |
| 9/16/2022 | $6.00 | $0.73 | $1.58 |
| 9/23/2022 | $7.50 | $0.98 | $3.00 |
| 11/18/2022 | $4.00 | $0.23 | $0.40 |
| 11/18/2022 | $5.00 | $0.30 | $0.65 |
| 11/18/2022 | $6.00 | $0.98 | $1.70 |
| 11/18/2022 | $7.00 | $1.33 | $2.60 |
| 11/18/2022 | $8.00 | $1.48 | $3.55 |
| 11/18/2022 | $9.00 | $1.90 | $4.45 |
| 1/20/2023 | $3.00 | $0.10 | $0.23 |
| 1/20/2023 | $4.00 | $0.28 | $0.50 |
| 1/20/2023 | $5.00 | $0.58 | $1.08 |
| 1/20/2023 | $6.00 | $0.93 | $1.83 |
| 1/20/2023 | $7.00 | $1.23 | $2.68 |
| 1/20/2023 | $8.00 | $1.50 | $3.60 |
| 1/20/2023 | $10.00 | $1.75 | $5.60 |
| 1/20/2023 | $12.00 | $1.80 | $7.70 |
| 1/20/2023 | $15.00 | $2.15 | $10.65 |
| 2/17/2023 | $4.00 | $0.33 | $0.58 |
| 2/17/2023 | $5.00 | $0.65 | $1.18 |
| 1/19/2024 | $3.00 | $0.15 | $0.60 |
| 1/19/2024 | $5.00 | $0.45 | $1.78 |
| 1/19/2024 | $8.00 | $1.65 | $4.00 |
| 1/19/2024 | $20.00 | $2.35 | $15.95 |

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

58. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants. The Judgment will also provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, their respective heirs, executors, trustees, administrators, predecessors, successors and assigns in their capacities as such, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiff's Claim against the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Plaintiff's Claims against any of the Defendant Releasees.

59. "Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

60. "Defendant Releasees" means Defendants, Defendants' Counsel, and each of their past, present, or future direct or indirect subsidiaries, parents, affiliates, principals, joint ventures, any other corporate entities, officers, directors, employees, contractors, successors or predecessors, successors-in-interest or predecessors-in-interest, assigns, shareholders, trusts, trustees, executors, estates, administrators, beneficiaries, partners, agents, fiduciaries, attorneys, legal representatives, insurers or reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, accountants, or associates; any Defendants' Immediate Family members, representatives, or heirs, as well as any trust of which any Defendant is the settlor or which is for the benefit of any of their Immediate Family members; and any firm, trust, corporation, or entity in which any Defendant has a controlling interest.

61. "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

62. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants, except that "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity that submits a request for exclusion that is accepted by the Court.

63. "Released Plaintiff's Claims" means any and all rights, debts, demands, claims and causes of action or liabilities (including but not limited to any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs expenses or liability whatsoever) of every nature and description, whether known claims or Unknown Claims, including the provisions of California Civil Code § 1542, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, concealed or hidden, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Class: (i) asserted in the Action against any of the Defendant Releasees or (ii) could have asserted in this Action or any forum, domestic or foreign, against any of the Defendant Releasees that arises out of, is based upon, or relate to, directly or indirectly, in whole or in part, to the allegations, transactions, facts, statements, disclosures, matters or occurrences, representations or omissions, actions or inactions, or conduct involved, set forth, or referred to in the Action, and/or relate to the purchase or acquisition of Co-Dx securities during the Class Period, and/or Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein. "Released Plaintiff's Claims" shall not include (i) any claims relating to the enforcement of the settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

64. "Unknown Claims" means any and all Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the terms of the Settlement or to the release of the Released Claims, or whether to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, on behalf of itself and the Class, and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard

to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and is a material element of the Settlement of which this release is a part.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

65. Plaintiffs' Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed thirty-three and one third (33 1/3 %) of the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses incurred in an amount not to exceed $500,000.00. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

66. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Stadium Capital LLC v. Co-Diagnostics, Inc., et. al*., c/o RG/2 Claims Administration, LLC, P.O. Box 59479, Philadelphia, PA 19102-9479. The request for exclusion must be received no later than ____________________. You will not be able to exclude yourself from the Class after that date.

67. Each request for exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) the person's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; (3) a clear and unambiguous statement that the person wishes to be excluded from the Class; and (4) must include the person's signature. A request for exclusion shall not be valid and effective unless it provides all of this information and is received within the time stated above, or is otherwise accepted by the Court.

68. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendant Releasees. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

69. If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

70. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that meets the agreed-upon conditions set forth in the Confidential Supplemental Agreement between Lead Plaintiff and Defendants.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

71. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or submitted online at** www.co-diagnosticssecuritieslitigation.com, **no later than** _________________. A Claim Form is included with this Notice, or you may obtain one from the website for the Settlement, www.co-diagnosticssecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator, RG/2, toll-free at 1-866-742-4955. **Please retain all records of your ownership of and transactions in Co-Dx securities, as they may be needed to document your Claim.** If you are excluded from the Class by definition or you submit a request for exclusion in connection with this Notice, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

72. As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

73. If you are a Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and reimbursement of Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

74. Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.

75. The Settlement Fairness Hearing will be held on ________, 2026 at __:_____.m., before the Honorable Arun Subramanian, at the United States District Court, Southern District of New York, 500 Pearl St., Courtroom 15A, New York, NY 10007-1312. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

76. Any Class Member who is not requesting exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office of the Court at the address set forth below on or before ___________, 2026. You must also serve the papers on Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are ***received*** on or before ________, 2026.

| CLERK'S OFFICE | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk's Office<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>(212) 805-0136 | Jason A. Uris<br>**KAPLAN FOX & KILSHEIMER LLP**<br>800 Third Ave., 38th Fl.<br>New York, NY 10022<br>(212) 687-1980 | Douglas W. Greene<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, NY 10111<br>(212) 589-4200 |

77. Any objection to the Settlement must include: (1) the name, address, and telephone number of the person objecting, signed by the objector; (2) a statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (3) the grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (4) whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the testimony; and (5) proof of the person's membership in the Class, which proof shall include the person's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale.

78. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

79. If you wish to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** on or before __________, 2026. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify, the nature of the testimony, and any exhibits they intend to introduce into evidence at the Settlement Hearing. Such persons may be heard orally at the discretion of the Court.

80. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. If you decide to hire an attorney, however, it will be at your own expense and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that the notice is *received* on or before _________, 2026.

81. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

82. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT OR HELD CO-DX SECURITIES ON SOMEONE ELSE'S BEHALF?

83. If, for the beneficial interest of any person or entity other than yourself, you purchased Co-Dx common stock or call options, or sold Co-Dx put options, during the period from May 12, 2022 through August 11, 2022, inclusive, you must either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Stadium Capital LLC v. Co-Diagnostics, Inc., et. al*., c/o RG/2, P.O. Box 59479, Philadelphia, PA 19102-9479 within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

84. If you choose the first option, *i.e.*, you elect to mail the Notice and Claim Form directly to beneficial owners, you must retain the mailing records for use in connection with any further notices that may be provided in the Action. Upon mailing the Notices and Claim Forms, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

85. If you choose the second option, *i.e*., to have the Claims Administrator mail the Notice Packets to the beneficial owners, upon full compliance with the directions above, you may seek reimbursement of your reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting such expenses.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

86. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the proposed Settlement, please see the Stipulation, which is available at www.co-diagnosticssecuritieslitigation.com, or by contacting Lead Counsel at the address provided below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.canduscourts.gov, or by visiting the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, during regular office hours. All inquiries concerning this Notice or the Claim Form should be directed to the Claims Administrator or Lead Counsel.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT, DEFENDANTS OR THEIR COUNSEL ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: ___________________, 2026

By Order of the Clerk of Court
United States District Court
Southern District of New York

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission: ____________________**

If you purchased or otherwise acquired Co-Diagnostics, Inc. common stock or call options, or sold put options, during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive, and were damaged thereby, you are a member of the Class and you could get a payment from a class action settlement.

IF YOU ARE A CLASS MEMBER, IN ORDER TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("CLAIM FORM") AND MAIL IT BY FIRST CLASS MAIL TO THE BELOW ADDRESS, OR SUBMIT IT ONLINE AT WWW.CO-DIAGNOSTICSSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _________, 2026**:

**Co-Diagnostics Securities Litigation**
**c/o RG/2 Claims Administration, LLC**
**P.O. Box 59479**
**Philadelphia, PA 19102-9479**

YOUR FAILURE TO SUBMIT YOUR CLAIM FORM BY _______, 2026, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES TO THE ACTION OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS ABOVE, OR ONLINE AT WWW.CO-DIAGNOSTICSSECURITIESLITIGATION.COM.

**GENERAL INSTRUCTIONS**

1. This Claim Form is directed to members of the Class, as defined in the accompanying Notice. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 1 of the Notice.

2. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER, OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT. THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4. Use Part II – Transactions in Co-Diagnostics common stock, Part III – Transactions in Co-Diagnostics call options, or Part IV – Transactions in Co-Diagnostics put options, to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the relevant Co-Dx securities. On this schedule, please provide all of the requested information with respect to your holdings, purchases, and sales of the specified Co-Dx securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.

5. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the relevant Co-Dx securities set forth in Parts II, III, and/or IV of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Co-Dx securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.

8. All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased Co-Dx securities during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased Co-Dx securities during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9. One Claim Form should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Co-Dx securities; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, RG/2 Claims Administration, LLC at the above address, by email at info@rg2claims.com, or by toll-free phone at 1-866-742-4955, or you can visit the website maintained by the Claims Administrator, www.co-diagnosticssecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

**NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@rg2claims.com, or visit the website for the Settlement at www.co-diagnosticssecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I - CLAIMANT INFORMATION

| | | |
|---|---|---|
| Beneficial Owner's First Name | MI | Beneficial Owner's Last Name |
| Co-Beneficial Owner's First Name | MI | Co-Beneficial Owner's Last Name |
| Entity Name (if claimant is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address 1: | | |
| Address 2: | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email Address: | Broker/Brokerage Company: | |
| Account Number: | | |

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA ☐ Partnership ☐ Estate
☐ Trust
☐ Other ____________________

Enter Taxpayer Identification Number below for the Beneficial Owner(s).

Social Security No. (for individuals) or Taxpayer Identification No. (for estates, trusts, corporations, etc.)

## PART II - TRANSACTIONS IN CO-DIAGNOSTICS COMMON STOCK

**Complete this Part II if and only if you purchased Co-Diagnostics publicly-traded common stock during the period May 12, 2022 through the close of the market on August 11, 2022, inclusive.**

A. **Beginning Holdings:**
State the total number of shares of Co-Diagnostics common stock owned at the opening of trading on May 12, 2022, long or short (*must be documented).* If none, write "zero" or "0."

*Continued on next page…*

**B. Purchases From May 12, 2022 Through August 11, 2022, Inclusive:**
Separately list each and every purchase (including free receipts) of Co-Diagnostics common stock from the opening of trading on May 12, 2022 through August 11, 2022, inclusive, and provide the following information (*must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Co-Diagnostics Common Stock Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

*P – Purchase, R – Received (Transfer-In)

**C. Purchases From August 12, 2022 Through November 9, 2022:**
State the total number of shares of Co-Diagnostics common stock purchased between August 12, 2022, and November 9, 2022, inclusive (*must be documented*). If none, write "zero" or "0."[1]

**D. Sales From May 12, 2022 Through November 9, 2022, Inclusive:**
Separately list each and every sale/disposition (including free deliveries) of Co-Diagnostics common stock during the period from May 12, 2022 through November 9, 2022, inclusive and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Co-Diagnostics Common Stock Shares Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

*S – Sale, D – Delivery (Transfer-Out)

[1] Please note: Information requested with respect to your purchases of Co-Diagnostics common stock from after the opening of trading on August 12, 2022 through the close of trading on November 9, 2022 is needed in order to perform the necessary calculations for your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

**E. Ending Holdings:**
State the total number of Co-Diagnostics common stock shares owned at the close of trading on November 9, 2022, long or short (*must be documented).*

☐

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**PART III - TRANSACTIONS IN CO-DIAGNOSTICS CALL OPTIONS**

**Complete this Part III if and only if you purchased Co-Diagnostics Call Options during the period May 12, 2022 through the close of the market on August 11, 2022, inclusive.**

**A. Beginning Holdings:**
Separately list all positions in Co-Diagnostics Call Options in which you had an open interest as of the opening of trading on May 12, 2022 (*must be documented*).

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**B. Purchases From May 12, 2022 Through August 11, 2022:**
Separately list each and every purchase (including free receipts) of Co-Diagnostics Call Options from the opening of trading on May 12, 2022 through August 11, 2022, inclusive, and provide the following information (*must be documented)*:

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**C. Sales From May 12, 2022 Through August 12, 2022:**
Separately list each and every sale (including free receipts) of Co-Diagnostics Call Options from the opening of trading on May 12, 2022 through August 12, 2022, inclusive, and provide the following information (*must be documented*)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call | Expiration Date of Call Option | Option Class Symbol | Number of Call Option | Sale Price Per Call | Total Sale Price (excluding | Insert an "E" if Exercised | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|

| | Option Contract | Contract (Month/Day/Year) | | Contracts Sold | Option Contract | taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "X" if Expired | |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**D. Ending Holdings:**
Separately list all positions in Co-Diagnostics Call Options in which you had an open interest as of the opening of trading on August 12, 2022 (*must be documented*).

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**PART IV - TRANSACTIONS IN CO-DIAGNOSTICS PUT OPTIONS**

**Complete this Part IV if and only if you sold (wrote) Co-Diagnostics Put Options during the period May 12, 2022 through the close of the market on August 11, 2022, inclusive.**

**A. Beginning Holdings:**
Separately list all positions in Co-Diagnostics Put Options in which you had an open interest as of the opening of trading on May 12, 2022 (*must be documented*).

**IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**B. Sales (Writing) From May 12, 2022 Through August 11, 2022:**
Separately list each and every sale (writing) (including free receipts) of Co-Diagnostics Put Options from the opening of trading on May 12, 2022 through August 11, 2022, inclusive, and provide the following information (*must be documented)*:

| Date of Sale (Writing) (List | Strike Price of Put | Expiration Date of Put Option Contract | Option Class Symbol | Number of Put Option Contracts | Sale Price Per Put | Total Sale Price (excluding | Insert an "E" if Exercised | Assignment Date |
|---|---|---|---|---|---|---|---|---|

| Chronologically) (Month/Day/Year) | Option Contract | (Month/Day/Year) | | Sold (Written) | Option Contract | taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "X" if Expired | (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**C. Purchases From May 12, 2022 Through August 12, 2022:**
Separately list each and every purchase (including free receipts) of Co-Diagnostics Put Options from the opening of trading on May 12, 2022 through August 12, 2022, inclusive, and provide the following information (*must be documented*)

**IF NONE, CHECK HERE** ☐

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/Acquired | Purchase/Acquisition Price Per Put Option Contract | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Assignment Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**D. Ending Holdings:**
Separately list all positions in Co-Diagnostics Put Options in which you had an open interest as of the opening of trading on August 12, 2022 (*must be documented)*.

**IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the Releases contained in the Notice and certifies (certify) as follows:

1. I (we) purchased Co-Dx securities and was (were) damaged thereby.

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice, or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.

3. I (we) consent to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Class Member(s), all questions concerning the validity of this Claim Form, and for purposes of enforcing the Releases set forth in the Notice. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) acknowledge that I (we) will be bound by the terms of any Judgment entered in connection with the Settlement in the Action, including the Releases set forth therein.

5. I (we) have set forth where requested above all relevant information with respect to each purchase of Co-Dx securities during the Class Period, and each sale, if any, as well as my(our) holdings as requested. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

6. I (we) have enclosed photocopies of confirmation slips, account statements, or other documents evidencing each purchase, sale or retention of Co-Dx securities listed above in support of our claim.

7. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

8. I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9. Upon the occurrence of the Effective Date, as defined in the Notice, I (we), as a Class Member(s), agree and acknowledge that my (our) signature(s) hereto shall acknowledge full and complete satisfaction of, and shall effect and constitute a full, final, and complete settlement, release, remise and discharge with prejudice by me (us) and my (our) heirs, executors, administrators, predecessors, successors and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors and assigns) of each of the Released Plaintiff's Claims" against the "Defendant Releasees," as defined in the Notice.

10. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) DECLARE AND CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

________________________________________
(Signature)

________________________________________
(Signature)

________________________________________
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: ____________________

**THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.CO-DIAGNOSTICSSECURITIESLITIGATION.COM, POSTMARKED (OR RECEIVED) NO LATER THAN ______________, 2026. IF MAILED, THE CLAIMS FORM SHOULD BE ADDRESSED TO:**

**Co-Diagnostics Securities Litigation**
**c/o RG/2 Claims Administration, LLC**
**P.O. Box 59479**
**Philadelphia, PA 19102-9479**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _________, 2026, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

**REMINDER CHECKLIST**

- Please be sure to sign this Claim Form. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.
- Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.
- Do NOT use highlighter on the Claim Form or any supporting documents.
- If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING**

**To: All persons and entities who purchased or otherwise acquired Co-Diagnostics, Inc. common stock or call options, or sold put options, during the period May 12, 2022 through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive, and were damaged thereby. (the "Class")[1]**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff, Stadium Capital LLC, on behalf of itself and the Court-certified Class in the above-captioned class action ("Action"), and Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), have reached a proposed settlement for $6,500,000.00 (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on ___________, at _______ a.m./p.m., before the Honorable Arun Subramanian, United States District Judge, at the Southern District of New York, 500 Pearl St., Courtroom 15A, New York, NY 10007, for the purpose of determining: a) whether the proposed Settlement of the claims alleged in the Action for a total value of Six Million Five Hundred Thousand Dollars ($6,500,000.00), is fair, reasonable, and adequate and should be approved by the Court; b) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation; c) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; d) whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and e) any other relief the Court deems necessary to effectuate the terms of the Settlement.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE

[1] Excluded from the Class are: Defendants and Defendants' immediate family members, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

SETTLEMENT OF THIS ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

If you have not received a detailed Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (iii) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies by contacting the Claims Administrator by mail at *Stadium Capital LLC v. Co-Diagnostics, Inc., et. al*., c/o RG/2, P.O. Box 59479, Philadelphia, PA 19102-9479, by email at info@rg2claims.com, by telephone at 1-866-742-4955, or by the website at www.co-diagnosticssecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail (***postmarked no later than*** ____________), or electronically ***no later than*** _____________, establishing that you are entitled to recover. If you are a Class Member and do not timely submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by all releases, judgments or orders entered by the Court relating to the Settlement.

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, or the attorneys' fee and Litigation Expense applications, or otherwise request to be heard. To object, you must submit a written objection in accordance with the procedures described in the more detailed Notice, referred to above. Any written objection must be delivered to the following recipients so that it is ***received no later than*** ______________: (a) the Clerk's Office, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007; (b) Jason A. Uris, Kaplan Fox & Kilsheimer LLP, 800 Third Avenue, 38th Floor, New York, NY 10022; and (c) Douglas W. Greene, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111. Note that the Court can only approve or deny the Settlement, not change the terms of the Settlement.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received no later than*** ______________, in accordance with the procedures described in the Notice. If you properly exclude yourself from the Class, you will not be bound by any releases, judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the address listed below:

Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
(212) 687-1980
juris@kaplanfox.com

Dated: ________________

By Order of the Court
United States District Court
Southern District of New York