**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STADIUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT H. EGAN, and BRIAN L. BROWN,<br><br>Defendants. | Case No.: 22-cv-6978-AS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, this consolidated putative class action (the "Action") comes before the Court on Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion") and on the Stipulation and Agreement of Settlement dated August 14, 2026 ("Stipulation") entered into by Lead Plaintiff Stadium Capital LLC ("Lead Plaintiff"), and defendants Co-Diagnostics, Inc. ("Co-Dx" or the "Company"), Dwight H. Egan and Brian L. Brown (collectively, "Defendants" and together with Lead Plaintiff, the "Parties"), by and through their respective counsel;

WHEREAS, the Stipulation sets forth the terms and conditions for the proposed settlement of the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23");

WHEREAS, by Order entered November 12, 2024, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased the publicly traded

securities of Co-Dx[1] during the period May 12, 2022, through the close of the market on August 11, 2022 (4:00 p.m. ET), inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: Co-Diagnostics, Inc., Dwight H. Egan, and Brian L. Brown and Defendants' immediate family members, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and submissions made relating thereto, and found good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. **Preliminary Approval of the Settlement**. The Court hereby preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, having found that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan

[1] The Class includes investors that purchased or otherwise acquired Co-Dx common stock or call options, or sold Co-Dx put options.

of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action with prejudice based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. **Retention of Claims Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain RG/2 Claims Administration LLC as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims as more fully set forth below:

a. No later than twenty (20) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached hereto as Exhibits A(1) and A(2), respectively, to be mailed by first class mail, postage prepaid, to all members of the Class who may be identified through reasonable effort, including through the cooperation of Co-Dx and/or its transfer agents to provide security holder lists as set forth in the Stipulation (the "Notice Date");

b. Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A(3), to be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than ten (10) calendar days after the Notice Date;

c. Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Settlement Fairness Hearing.

d. Class Counsel shall cause the Notice, the Summary Notice, and the Claim Form to be placed on a website developed for the Settlement and maintained by the Claims Administrator, www.co-diagnosticssecuritieslitigation.com, on or before the Notice Date.

4. **CAFA Notice**. Not later than ten (10) calendar days after the submission of the Stipulation to the Court, Defendants shall serve any required notice of the proposed Settlement upon those who are entitled to such notice pursuant to 28 U.S.C. §1715(b) ("CAFA Notice"). Not later than thirty-five (35) calendar days before the Settlement Fairness Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

5. **Approval of Form and Content of Notice**. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, attached hereto as Exhibits A-1, A-2 and A-3, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraphs 3 and 6 of this Preliminary Approval Order meet the requirements of Rule 23, the Constitution of the United States, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995, and constitute the best notice practicable under the circumstances and constitute due and sufficient notice to all Class Members.

6. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased the publicly-traded securities of Co-Dx on the Nasdaq, on other U.S. exchanges or in a U.S. transaction for the benefit of another person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the

Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

7. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Claim Form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

8. **Settlement Fairness Hearing**. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on Tuesday, December 8, 2026, at ____2 p.m., in the United States District Court for the Southern District of New York, the Honorable Arun Subramanian presiding, for the following purposes:

a. to determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court;

b. to determine whether the Plan of Allocation for the Net Settlement Fund should be approved by the Court as fair and reasonable;

c. to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims;

d. to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and

e. to rule on such other matters as the Court may deem appropriate.

9. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses, to hold the hearing telephonically or by videoconference, to modify any of the dates herein, or to make such modifications as may be consented to by the Parties to the Stipulation, without further notice to the Class.

10. **Appearance and Objections at Settlement Fairness Hearing**. Any member of the Class who wishes to object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on the Parties (listed below) a written statement of objection to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses in connection with the representation of the Class.

11. Any member of the Class who timely objects to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, or who otherwise wishes to be heard, may appear in person or by and through an attorney, at his/her/its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant. Such Class Member may do so provided that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court, unless within twenty-one (21) calendar days prior

to the Settlement Fairness Hearing, such person files with the Court and serves upon counsel listed below:

a. The case name and docket number, *Stadium Capital LLC v. Co-Diagnostics, Inc. et al.*, Case No. 22-cv-6978-AS (S.D.N.Y.);

b. The name, address, and telephone number of the person objecting, signed by the objector;

c. A statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

d. The specific grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider;

e. Whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the witness and/or expert testimony; and

f. Proof of the person's membership in the Class, which proof shall include the person's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; and

g. Such filings shall be filed with the Court and served upon the following counsel:

| LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP**<br>Frederic S. Fox<br>Donald R. Hall<br>Jason A. Uris<br>Clara Abramson<br>800 Third Avenue, 38th Floor<br>New York, NY 10022 | **BAKER & HOSTETLER LLP**<br>Douglas W. Greene<br>Genevieve G. York-Erwin<br>Zachary R. Taylor<br>45 Rockefeller Plaza<br>New York, NY 10111<br>dgreene@bakerlaw.com |

| | |
|---|---|
| ffox@kaplanfox.com<br>dhall@kaplanfox.com<br>juris@kaplanfox.com<br>cabramson@kaplanfox.com | gyorkerwin@bakerlaw.com<br>ztaylor@bakerlaw.com<br><br>Marissa A. Peirsol (*pro hac vice*)<br>200 S. Civic Center Drive<br>Columbus, Ohio 43215<br>mpeirsol@bakerlaw.com |



12. Any person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Any papers in response to any such objections shall be served and filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing. Attendance at the hearing is not necessary, however, persons or entities wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.

13. **Request for Exclusion**. Any person falling within the definition of the Class may, upon a timely and proper request, be excluded from the Class. Any such person must mail or deliver a request for exclusion ("Request for Exclusion") in written form to the address designated in the Notice for such exclusions, such that it is received by the Claims Administrator at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. To be valid, a Request for Exclusion must state: (1) the name, address, and telephone number of the person or entity requesting exclusion; (2) the person or entity's purchases of Co-Dx securities during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; (3) a clear and unambiguous statement that the person

wishes to be excluded from the Class; and (4) must be signed by the person or entity requesting exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No further opportunity to request exclusion will be given in this Action, and requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

14. All Class Members shall be bound by all determinations and judgments in this Action concerning the settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have timely and validly requested exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Claim Forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

15. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings.

16. **Participation in the Settlement**. Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. A Claim Form shall be deemed to have been submitted when

postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Claim Form must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (2) include the release of all Released Claims by the claimant of all Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, (subject to the effectuation of the Settlement reflected in the Stipulation), agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Claim Form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Claim Form, unless such persons request exclusion from the Class in a timely and proper manner, as provided herein.

17. Neither the Defendants nor their counsel shall have any responsibility for or involvement in the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18. If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith

(including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation and will be without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to their respective positions in the litigation as of the date immediately prior to the execution of the Term Sheet on July 29, 2026, as provided in the Stipulation.

19. **Stay and Temporary Injunction**. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Class Members are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Released Plaintiff's Claims against the Defendant Releasees.

20. **Settlement Fund**. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed pursuant to the Stipulation and further order(s) of the Court.

21. **Payment of Taxes and Claims Administration Fees and Expenses**. Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

22. **Use of this Order**. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, and proceedings in connection therewith, shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant, any member of the Class, or any other person or entity, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, or any other person, has or has not suffered any damage.

23. **Supporting Papers**. All motions and papers in support of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

24. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

**IT IS SO ORDERED.** The Clerk of Court is respectfully directed to terminate Dkt. 155.

DATED:

August 17, 2026

THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK